■ JOSE MONTANEZ, Appellant, v MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY, Respondent.—Judgment, Supreme Court, New York County (David Saxe, J.), entered January 26, 1987, which upon a jury verdict granted defendant judgment against the plaintiff, unanimously reversed, on the law, and the case remanded for a new trial, without costs.

This is a personal injury action in which plaintiff alleges that he was injured when struck by a bus owned and operated by the defendant. Plaintiff testified that he was standing in the street outside his girlfriend's home on Fort George Avenue near West 193rd Street in Manhattan at 6:30 A.M. on the morning of January 24, 1984 cleaning the windshield of a parked car when a MABSTOA No. 3 bus traveling in the opposite direction, on the northerly side of the two-way street, crossed over the yellow line and struck him, causing severe injuries. A neighbor, one Francisco Pena, whom he did not previously know, witnessed the accident and so testified at the trial. The two teen-age children of plaintiff's girlfriend testified that they and their mother ran out of the house and found plaintiff lying injured in the roadway and that minutes later the bus drove by but refused to stop when they attempted to flag it down.*

The driver of the No. 3 bus that was in the vicinity at that time, Louis Francis, who testified at trial on behalf of defendant, categorically denied that his vehicle had been involved in any accident at the time in question.

The jury returned a verdict in favor of the defendant. While there is ample support in the record to sustain that verdict, the court's charge was so deficient as to require a reversal and new trial.

The plaintiff had requested that the court charge the jury with respect to Vehicle and Traffic Law § 1120 which expressly requires that a vehicle be driven on the right side of the roadway and not cross to the left of the center line. The court denied the requested charge and instead briefly defined negligence in general and unspecific terms wholly unrelated to the facts of the case. The recital of general rules respecting a driver's duty of reasonable care is no substitute for charging a

---

* The No. 3 bus route ends on Fort George Avenue where the bus driver makes a U-turn and returns to make its southerly route.

specific duty detailed by law. The plaintiff is entitled to a charge which is precise and specifically related to the claim at issue, so that the jurors may reach an intelligent verdict. If the claimed negligence rests on the violation of a particular duty imposed by statute, jury instructions only as to negligence generally are inadequate and deprive the plaintiff of a substantial right. *(Green v Downs,* 27 NY2d 205; *Gonzalez v Medina,* 69 AD2d 14.) Concur—Kupferman, J. P., Ross, Rosenberger, Ellerin and Smith, JJ.

