■ AUDREY J. MCDONALD et al., Respondents, v NEW YORK CITY HEALTH AND HOSPITALS CORP. et al., Appellants. [610 NYS2d 13] —Order, Supreme Court, New York County (Michael J. Dontzin, J.), entered June 11, 1992, granting plaintiffs' motion to set aside a jury verdict in favor of defendants and directing a new trial, unanimously affirmed, without costs.

Plaintiff McDonald, aged 39, was brought to Harlem Hospital seeking treatment for depression and was seen in the psychiatric emergency room by defendant McIntosh, a second-year psychiatric resident. Dr. McIntosh declined to admit her. Three hours after she arrived home with her mother, she leaped from the terrace of her building and was injured.

In this action for psychiatric malpractice plaintiff contended at trial that the hospital was negligent in failing to provide a licensed psychiatrist to supervise residents, as required by the Education Law and applicable regulations, and requested that the court instruct the jury with respect to Education Law § 6526, which requires that unlicensed physicians employed by hospitals be under the supervision of a licensed physician, and the regulation promulgated thereunder (10 NYCRR 405.7 [b]). The court did not charge with respect to the violation of the statute. It did, however, discuss the requirement that Dr. McIntosh work under the supervision of a licensed doctor and his failure to consult with a licensed doctor. The jury found that Dr. McIntosh was not negligent in failing to consult with a licensed physician.

Where a statute sets forth a standard of care, as Education Law § 6526 does, and noncompliance would constitute a breach of duty, failure to instruct the jury concerning its meaning and application is sufficient to require reversal *(see, Chanler v Manocherian,* 151 AD2d 432, 434; *Montanez v Manhattan & Bronx Surface Tr. Operating Auth.,* 139 AD2d 411).

Plaintiff also requested instructions to the jury with respect to the violation of Mental Hygiene Law § 9.27. Again the court failed to charge with respect to a violation of the statute. That statute, however, describes what a hospital

"may" do with respect to admissions and does not set forth a standard of care.

It is unnecessary to reach the other issues raised by plaintiff on this appeal. Concur—Ellerin, J. P., Wallach, Kupferman and Nardelli, JJ.