(December 21, 2000)

■ Robert Green, Appellant, v Emmanuel African Methodist Episcopal Church et al., Respondents. [718 NYS2d 324] —Order, Supreme Court, New York County (Paula Omansky, J.), entered September 8, 1999, which granted defendant Emmanuel African Methodist Episcopal Church's motion for summary judgment dismissing plaintiff's complaint, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

Plaintiff alleged he was assaulted while at the Church by co-defendant Clarke, that Clarke was a Church employee and that the Church was liable based upon negligent hiring and supervision of Clarke since it was aware of his vicious propensities and involvement in a prior altercation. The IAS Court dismissed plaintiff's complaint, finding that the "essence" of plaintiff's complaint was based on Clarke's assault, that more than one year elapsed between the assault and the commencement of this action and that the one-year Statute of Limitations for an intentional tort barred this action. While plaintiff's damages may have been immediately caused by Clarke's assault, liability against the Church is not based upon allegations that it intentionally harmed plaintiff but that it negligently hired and supervised Clarke. The relevant Statute of Limitations is, accordingly, three years (*Jarvis v Nation of Islam*, 251 AD2d 116; *Siagha v Salant-Jerome, Inc.*, 249 AD2d 11, *lv dismissed* 92 NY2d 946). The intentional nature of the

employee's wrongful conduct does not thereby transform negligence of the employer into intentional conduct. " 'A single act or default causing a single injury may constitute a breach of different duties and may give rise to causes of action based upon different grounds of liability and subject to different statutory periods of limitations [citations omitted]' " (*Wimmer v Pratt Inst.*, 63 AD2d 885, quoting *King v King*, 13 AD2d 437, 440). The IAS Court relied upon inapposite decisional authority which involved an insurance contract with a specific contract clause excluding liability for any claim based on assault (*U.S. Underwriters Ins. Co. v Val-Blue Corp.*, 85 NY2d 821). This case involves a separate party alleged to have breached distinct duties owed to plaintiff. Concur—Sullivan, P. J., Rubin, Saxe, Buckley and Friedman JJ.