■ SANDRA KASNER, Appellant, v VICTOR KASNER, Respondent. [779 NYS2d 224]—In a matrimonial action in which the parties were divorced by judgment dated December 13, 2001, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Marano, J.), dated January 10, 2003, as denied those branches of her motion which were to enforce stated portions of a pendente lite order of the same court (Goldstein, J.), dated June 11, 1998, and to direct the defendant to pay a percentage, including arrears, of the premiums of a life insurance policy issued by North American Company for Life and Health Insurance of New York, and failed to decide that branch of her motion which was for an award of an attorney's fee.

Ordered that the appeal from so much of the order as failed to decide that branch of the motion which was for an award of an attorney's fee is dismissed, without costs or disbursements; and it is further,

Ordered that the order is modified, on the law and as an exercise of discretion, by (1) deleting the provision thereof denying that branch of the motion which was to enforce that portion of the pendente lite order which required the defendant to pay for lawn maintenance and horticultural charges incurred at the marital residence, and substituting therefor a provision granting that branch of the motion, and (2) adding to the provision denying that branch of the plaintiff's motion which was to direct the defendant to pay a percentage, including arrears, of a life insurance policy issued by North American Company for Life and Health Insurance of New York the words "without prejudice to renew upon proper papers presented by the plaintiff"; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements.

The pendente lite order dated June 11, 1998, required the de-

fendant to pay for lawn maintenance and horticultural charges incurred at the marital residence. The obligations of the parties under this pendente lite order expired on October 1, 2001, the date that the parties entered into a stipulation of settlement. The bill submitted by the plaintiff to the defendant for lawn maintenance charges in the amount of $600 was dated September 30, 2001, and the defendant did not demonstrate that the charges were for services performed after October 1, 2001. Therefore, the defendant is obligated to satisfy this obligation.

The Supreme Court denied that branch of the plaintiff's motion which was to direct the defendant to pay a percentage, including arrears, of the premiums of a life insurance policy issued by North American Company for Life and Health Insurance of New York. Under the circumstances of this case, that branch of the motion should have been denied without prejudice to renew upon proper papers presented by the plaintiff.

The Supreme Court failed to decide that branch of the plaintiff's motion which was for an award of an attorney's fee. Accordingly, her appeal from that portion of the order must be dismissed, as that issue remains pending and undecided (see *Katz v Katz*, 68 AD2d 536 [1979]).

The plaintiff's remaining contention is without merit. H. Miller, J.P., S. Miller, Crane and Rivera, JJ., concur.