XIMENA FRAGOSA, Respondent, v NASIM HAIDER, Appellant. [793 NYS2d 161]—

In an action, inter alia, to recover damages for medical malpractice, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Weiss, J.), dated September 30, 2003, as denied that branch of his cross motion which was pursuant to CPLR 3211 (a) (7) to dismiss the third cause of action to recover damages for medical malpractice.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the cross motion which was pursuant to CPLR 3211 (a) (7) to dismiss the third cause of action to recover damages for medical malpractice is granted, and that cause of action is dismissed.

On April 30, 2002, the plaintiff, Ximena Fragosa, was examined by the defendant Dr. Nasim Haider, for "immigration purposes." The plaintiff asserted that during the physical examination, the defendant cleaned her ear and then attacked and sexually assaulted her, thereby causing injuries.

" 'The distinction between ordinary negligence and malprac-

tice turns on whether the acts or omissions complained of involve a matter of medical science or art requiring special skills not ordinarily possessed by lay persons or whether the conduct complained of can instead be assessed on the basis of the common everyday experience of the trier of the facts' " (*Smith v Pasquarella,* 201 AD2d 782, 783 [1994], quoting *Miller v Albany Med. Ctr. Hosp.,* 95 AD2d 977, 978 [1983]; *cf. Evangelista v Zolan,* 247 AD2d 508, 509-510 [1998]). The complaint does not state a cause of action alleging medical malpractice. The injuries as asserted in the complaint stemmed from the alleged intentional assault by the defendant, not the medical services rendered. Accordingly, that branch of the defendant's cross motion which was pursuant to CPLR 3211 (a) (7) to dismiss the third cause of action for failure to state a cause of action alleging medical malpractice should have been granted.

We note that, to the extent that the appellant raises issues with respect to that branch of the cross motion which was for summary judgment dismissing the third cause of action to recover damages for medical malpractice, the Supreme Court failed to determine that branch of the motion and it remains pending and undecided (*see Katz v Katz,* 68 AD2d 536 [1979]; *see also Kasner v Kasner,* 8 AD3d 535, 536 [2004]; *Narducci v Tishman Constr. Corp. of N.Y.,* 308 AD2d 436, 437 [2003]). In any event, in light of our determination, that branch of the cross motion has been rendered academic. Florio, J.P., Goldstein, Crane and Lifson, JJ., concur.