■ GEORGE FAZIO, Respondent, v BRANDYWINE REALTY TRUST et al., Respondents, and HARVEST REAL ESTATE SERVICES, INC., Appellant. [815 NYS2d 470]—

In an action to recover damages for personal injuries, the defendant Harvest Real Estate Services, Inc., appeals, as limited by its brief, from (1) so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated October 28, 2004, as denied its

motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it and (2) so much of an order of the same court dated January 7, 2005, as, upon renewal, adhered to the prior determination.

Ordered that the appeal from the order dated October 28, 2004 is dismissed, as the portion of the order appealed from was superseded by the order dated January 7, 2005 made upon renewal; and it is further,

Ordered that the order dated January 7, 2005 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The prediscovery motion of the defendant Harvest Real Estate Services, Inc. (hereinafter Harvest), for summary judgment dismissing the complaint was premature, as the plaintiff was entitled to an opportunity to more fully develop Harvest's alleged relation to, and control over, the subject premises at the time of the accident (*see State Farm Fire & Cas. Ins. Co. v Meis*, 23 AD3d 372 [2005]; *Smith v City of New York*, 133 AD2d 818, 819-820 [1987]; *see generally* CPLR 3212 [f]). Moreover, for the same reason, upon renewal, the Supreme Court properly adhered to its original determination.

In light of our determination, we need not consider Harvest's remaining contentions. Schmidt, J.P., Krausman, Spolzino and Fisher, JJ., concur.