■ MARTIN VALDIVIA, Appellant, v CONSOLIDATED RESISTANCE COMPANY OF AMERICA, INC., Respondent, et al., Defendant. [863 NYS2d 720]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered May 30, 2007, as granted that branch of the motion of the defendant Consolidated Resistance Company of America, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Consolidated Resistance Company of America, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it is denied, with leave to renew with respect to the Labor Law § 200 and common-law negligence causes of action after completion of discovery, if that defendant be so advised.

The Supreme Court should not have granted those branches of the motion of the defendant property owner (hereinafter the defendant) which were to dismiss the plaintiff's Labor Law § 240 (1) and § 241 (6) causes of action. Labor Law § 240 (1) imposes a nondelegable duty upon owners and contractors to provide safety devices necessary for the protection of workers subject to the risks inherent in elevated work sites (*see Jock v Fien*, 80 NY2d 965, 967 [1992]; *Riccio v NHT Owners, LLC*, 51 AD3d 897 [2008]; *Friscia v New Plan Realty Trust*, 267 AD2d 197 [1999]). "While the reach of section 240 (1) is not limited to work performed on actual construction sites . . . the task in which an injured employee was engaged must have been performed during 'the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure' " (*Martinez v City of New York*, 93 NY2d 322, 326 [1999], quoting Labor Law § 240 (1); *see Holler v City of New York*, 38 AD3d 606 [2007]). In support of that branch of its motion which was for summary judgment dismissing the plaintiff's Labor Law § 240 (1) cause of action, the defendant offered no evidentiary proof, in admissible form, as to the nature of the work the plaintiff was performing at the time of the accident, and the manner in which the accident occurred. Thus, the defendant failed to sustain its burden of making a prima facie showing that Labor Law § 240 (1) does not apply (*cf. Heath v County of Orange*, 273 AD2d 274). In addition, although Labor Law § 241 (6) protects only those workers engaged in duties connected to the inherently hazardous work of construction, excavation, or demolition (*see Nagel v D & R Realty Corp.*, 99 NY2d 98, 101 [2002]; *Gleason v Gottlieb*, 35 AD3d 355 [2006]), the defendant's

evidentiary submissions were insufficient to establish, as a matter of law, that no construction work was being performed in its premises at the time of the accident.

Furthermore, the court should have denied as premature those branches of the defendant's motion which were for summary judgment dismissing the plaintiff's Labor Law § 200 and common-law negligence causes of action. "A party should be afforded a reasonable opportunity to conduct discovery prior to the determination of a motion for summary judgment" (*Venables v Sagona*, 46 AD3d 672, 673 [2007]; *see Amico v Melville Volunteer Fire Co., Inc.*, 39 AD3d 784 [2007]; *Fazio v Brandywine Realty Trust*, 29 AD3d 939 [2006]; *Afzal v Board of Fire Commrs. of Bellmore Fire Dist.*, 23 AD3d 507 [2005]). Since the defendant's motion for summary judgment was made shortly after joinder of issue and prior to depositions, the plaintiff has not had an adequate opportunity to conduct discovery.

The plaintiff's contentions regarding that branch of his cross motion which was to extend his time to serve the summons and complaint pursuant to CPLR 306-b are not properly before us, as that branch of the cross motion remains pending and undecided (*see Katz v Katz*, 68 AD2d 536 [1979]; *see also Moser v Lavipour & Co., Inc.*, 35 AD3d 414 [2006]; *Kasner v Kasner*, 8 AD3d 535 [2004]; *Devivo v Devivo*, 2 AD3d 483 [2003]). Santucci, J.P., Angiolillo, Eng and Chambers, JJ., concur.