■ Louis Astudillo et al., Respondents, v City of New York et al., Respondent, and L.K. Comstock & Co., Inc., Appellant. [895 NYS2d 731]—

In an action to recover damages for personal injuries, etc., the defendant L.K. Comstock & Company, Inc., appeals from an order of the Supreme Court, Queens County (Flug, J.), dated May 8, 2009, which granted those branches of the plaintiffs' motion and the cross motion of the defendant City of New York which were for leave to reargue their opposition to its motion for summary judgment dismissing the complaint insofar as asserted against it, which had been determined in an order dated January 16, 2009, and, upon reargument, vacated the order dated January 16, 2009, granting its motion for summary judgment, and thereupon, in effect, denied the motion as premature.

Ordered that the order dated May 8, 2009 is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The Supreme Court providently exercised its discretion in granting those branches of the plaintiffs' motion and the cross motion of the defendant City of New York which were for leave to reargue their opposition to the motion of the defendant L.K. Comstock & Company, Inc. (hereinafter Comstock), for summary judgment dismissing the complaint insofar as asserted against it (*see* CPLR 2221 [d] [2]; *Singleton v Lenox Hill Hosp.*, 61 AD3d 956, 957 [2009]).

Upon reargument, the Supreme Court properly, in effect, denied Comstock's summary judgment motion, made one day after it filed its answer, as premature (*see* CPLR 3212 [f]). The plaintiffs offered an evidentiary basis to suggest that discovery may lead to relevant evidence regarding whether Comstock performed work at the accident site and created a defective condition in a nearby roadway that caused the accident (*see Fazio v Brandywine Realty Trust*, 29 AD3d 939, 940 [2006]; *Whelan v Port Auth. of N.Y. & N.J.*, 19 AD3d 483, 483-484

[2005]; *cf. Lopez v WS Distrib., Inc.*, 34 AD3d 759, 760 [2006]). Fisher, J.P., Santucci, Eng and Chambers, JJ., concur.