■ ANA DE LA CRUZ et al., Respondents, v MOHAMED K. NOUR, M.D., et al., Appellants. [21 NYS3d 351]—

In an action, inter alia, to recover damages for medical malpractice and negligence, the defendants appeal from an order of the Supreme Court, Kings County (Solomon, J.), dated August 20, 2012, which denied their motion for summary judgment dismissing the complaint as time-barred.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Ana De La Cruz against the defendant Mohamed K. Nour, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

In December 2006, the defendant Mohamed K. Nour began treating the plaintiff Ana De La Cruz (hereinafter the plaintiff) and her daughter, the infant plaintiff, for injuries sustained in a car accident. Nour was employed by the defendant Advanced Medical Care (hereinafter Advanced). On March 29, 2007, the plaintiffs went to Nour's office to discuss the results of X rays of the infant plaintiff's leg. According to the plaintiffs, Nour sexually assaulted the plaintiff during the examination, and the infant plaintiff witnessed that act. The plaintiffs commenced this action, inter alia, to recover damages for medical malpractice and negligence on October 3, 2008—about 1½ years after the alleged incident.

The defendants moved for summary judgment dismissing the complaint, asserting that the complaint sounded in intentional tort, rather than in malpractice or negligence, and as such, the plaintiffs' causes of action were subject to a one-year statute of limitations, and were, therefore, time-barred. The Supreme Court denied the defendants' motion.

The Supreme Court erred in denying that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff against Nour. The defendants established, prima facie, that the one-year statute of limitations for intentional torts (*see* CPLR 215 [3]) applied to the plaintiff's causes of action against Nour, through the plaintiff's deposition testimony, which established that the injuries, insofar as asserted by her, stemmed from the alleged intentional assault by Nour, not from the medical services he rendered (*see Fragosa v Haider*, 17 AD3d 526, 527 [2005]; *see also Trott v Merit Dept. Store*, 106 AD2d 158, 160 [1985]). The plaintiffs failed to raise a triable issue of fact in opposition.

However, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff against Advanced. While the plaintiff's damages may have been caused by Nour's alleged assault, liability against Advanced is not based on an allegation that it intentionally harmed the plaintiff, but that it was negligent (*see Green v Emmanuel African M.E. Church*, 278 AD2d 132 [2000]). Thus,

the defendants failed to establish, prima facie, that the three-year statute of limitations for negligence (*see* CPLR 214) did not apply to the causes of action interposed by the plaintiff against Advanced (*see N.X. v Cabrini Med. Ctr.*, 97 NY2d 247, 250-251 [2002]; *Santo B. v Roman Catholic Archdiocese of N.Y.*, 51 AD3d 956, 957-958 [2008]).

The Supreme Court also properly denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by the infant plaintiff, as they failed to establish their prima facie entitlement to judgment as a matter of law. The statutes of limitations applicable to the infant plaintiff's claims are tolled by CPLR 208, as she is still an infant.

The defendants' remaining contention, raised in point III of their brief, was not a subject of the defendants' motion for summary judgment and, therefore, is not properly before this Court. Rivera, J.P., Leventhal, Miller and Duffy, JJ., concur.