Dray v Staten Is. Univ. Hosp. (2018 NY Slip Op 02315)





Dray v Staten Is. Univ. Hosp.


2018 NY Slip Op 02315


Decided on April 4, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2016-05859
 (Index No. 500510/14)

[*1]Rinat Dray, respondent, 
v
Staten Island University Hospital, et al., appellants.


Gerspach Sikoscow LLP (Mauro Lilling Naparty LLP, Woodbury, NY [Caryn L. Lilling and Kathryn M. Beer], of counsel), for appellants Staten Island University Hospital and James J. Ducey.
Belair & Evans, LLP, New York, NY (John T. Evans and Elan J. Schefflein of counsel), for appellants Leonid Gorelik and Metropolitan OB-GYN Associates, P.C.
Michael M. Bast, P.C., Brooklyn, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the defendants Leonid Gorelik and Metropolitan OB-GYN Associates, P.C., appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Laura Lee Jacobson, J.), dated May 10, 2016, as denied their motion for summary judgment dismissing the fourth cause of action, which alleged violations of Public Health Law § 2803-c and 10 NYCRR § 405.7, insofar as asserted against them, and the defendants Staten Island University Hospital and James J. Ducey separately appeal, as limited by their brief, from so much of the same order as denied that branch of their motion which was for summary judgment dismissing, as time-barred, the fourth cause of action insofar as asserted against them.
ORDERED that the appeal by the defendants Staten Island University Hospital and James J. Ducey is dismissed as academic in light of our determination on the companion appeal (see Dray v Staten Island University Hospital, _____ AD3d _____ [Appellate Division Docket No. 2015-12064; decided herewith]); and it is further,
ORDERED that the order is reversed insofar as appealed from by the defendants Leonid Gorelik and Metropolitan OB-GYN Associates, P.C., on the law, and the motion of those defendants for summary judgment dismissing the fourth cause of action insofar as asserted against them is granted; and it is further,
ORDERED that one bill of costs is awarded to the defendants Leonid Gorelik and Metropolitan OB-GYN Associates, P.C., payable by the plaintiff.
Public Health Law § 2803-c(3)(e), which applies to residential health care facilities, and 10 NYCRR 405.7, which applies to hospitals, do not apply to private attending physicians and [*2]their medical practices. Further, a violation of 10 NYCRR 405.7 does not give rise to an independent private right of action (see Dray v Staten Island University Hospital, _____ AD3d _____ [Appellate Division Docket No. 2015-12064; decided herewith]; McDonald v New York City Health & Hosps. Corp., 203 AD2d 6; McNair v N.Y.C.D.O.C. Comm., 2017 US Dist. LEXIS 146829 [SD NY, Sept. 8, 2017, No. 16-CV-2778 (LAD)]; Walter v New York City Health & Hosps. Corp., 2005 WL 324242, *3, 2005 US Dist LEXIS 1895, *8 [SD NY, Feb. 8, 2005, No. 02-CF-751 (DF)]; Armstrong v Brookdale Univ. Hosp. and Med. Center, 2002 WL 13222, 2002 US Dist LEXIS 29224 [ED NY, Jan. 3, 2002, No. 98-CV-2416 (SJ)]). Accordingly, the Supreme Court should have granted the motion of the defendants Leonid Gorelik and Metropolitan OB-GYN Associates, P.C., for summary judgment dismissing the fourth cause of action, which alleged violations of those provisions, insofar as asserted against them.
LEVENTHAL, J.P., HINDS-RADIX, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court