Dray v Staten Is. Univ. Hosp. (2018 NY Slip Op 02314)





Dray v Staten Is. Univ. Hosp.


2018 NY Slip Op 02314


Decided on April 4, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2015-12064
2015-12068
 (Index No. 500510/14)

[*1]Rinat Dray, appellant-respondent, 
v
Staten Island University Hospital, et al., respondents-appellants, Leonid Gorelik, et al., respondents.


Silverstein & Bast, New York, NY (Michael M. Bast, Charles Silverstein, and Anat Grosfeld of counsel; Morton Bast on the brief), for appellant-respondent.
Gerspach Sikoscow LLP (Mauro Lilling Naparty LLP, Woodbury, NY [Caryn L. Lilling and Kathryn M. Beer], of counsel), for respondents-appellants.
Belair & Evans, LLP, New York, NY (John T. Evans and Elan J. Schefflein of counsel), for respondents.
Katharine Bodde, New York, NY (Mirah Curzer and Bridgette Dunlap of counsel), for amicus curiae New York City Bar Association.
Nancy Rosenbloom, New York, NY (Farah Diaz-Tello and Lynn M. Paltrow of counsel), for amicus curiae National Advocates for Pregnant Women.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Kings County (Laura Lee Jacobson, J.), dated May 12, 2015, as denied that branch of her cross motion which was for summary judgment on the issue of liability on the fourth cause of action, and (2) so much of an order of the same court dated October 29, 2015, as denied that branch of her cross motion which was for summary judgment on the issue of liability on the second cause of action, and, upon converting those branches of the motion of the defendants Staten Island University Hospital and James J. Ducey, and the separate motion of the defendants Leonid Gorelik and Metropolitan OB-GYN Associates, P.C., which were pursuant to CPLR 3211(a)(5) to dismiss the first, second, and third causes of action insofar as asserted against each of them as time-barred to motions for summary judgment, granted those branches of the motions to the extent of dismissing the third cause of action and so much of the first and second causes of action as were based on an allegation that the defendants performed a cesarean section upon her despite her objection, and the defendants Staten Island University Hospital and James J. Ducey cross-appeal, as limited by their brief, from (1) so much of the order dated May 12, 2015, as denied that branch of their motion which was pursuant to CPLR 3211(a)(7) to dismiss the fourth cause of action insofar as asserted against them for failure to state a cause of action, and (2) so much of the order dated October 29, 2015, as, upon converting those branches of their motion which were pursuant to CPLR 3211(a)(5) to dismiss the first, second, and third causes [*2]of action as time-barred to a motion for summary judgment, denied that branch of the motion which was for summary judgment dismissing, as time-barred, so much of the first cause of action insofar as asserted against them as was based on their alleged failure to summon a patient advocate group and bioethics panel.
ORDERED that the order dated May 12, 2015, is affirmed insofar as appealed from and reversed insofar as cross-appealed from, on the law, without costs or disbursements, and that branch of the motion of the defendants Staten Island University Hospital and James J. Ducey which was pursuant to CPLR 3211(a)(7) to dismiss the fourth cause of action insofar as asserted against them for failure to state a cause of action is granted; and it is further,
ORDERED that the order dated October 29, 2015, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The plaintiff, who previously had given birth to two children via cesarean section (hereinafter c-section), opted to attempt a vaginal birth when she became pregnant with her third child. The plaintiff arrived at the defendant Staten Island University Hospital (hereinafter the hospital) on July 26, 2011, experiencing contractions. The plaintiff was examined by the defendant Leonid Gorelik, of the defendant Metropolitan OB-GYN Associates, P.C. (hereinafter Metropolitan), who informed the plaintiff that a c-section was necessary. However, the plaintiff refused to consent to a c-section, insisting upon a vaginal birth. Gorelik consulted with the defendant James J. Ducey, the hospital's director of obstetrics, and Arthur Fried, the hospital's general counsel. Ducey, with the concurrence of Gorelik and Fried, determined that there was insufficient time to seek a court order, and that he would override the plaintiff's refusal to consent and proceed with a c-section. A c-section was performed on the plaintiff by Gorelik, Ducey, and several residents. During the procedure, the plaintiff's bladder was lacerated, and the laceration was repaired.
On January 22, 2014, the plaintiff commenced this action, inter alia, to recover damages for negligence, medical malpractice, and violations of Public Health Law § 2803-c and 10 NYCRR 405.7. The plaintiff alleged, among other things, that the defendants were negligent in performing a c-section upon her without her consent, in failing to summon the hospital's patient advocate and bioethics department to assist her, in determining that a c-section was necessary, and in lacerating her bladder.
The hospital and Ducey moved, and Gorelik and Metropolitan separately moved, pursuant to CPLR 3211(a)(5) and (7) to dismiss portions of the amended complaint insofar as asserted against each of them. They argued, inter alia, that portions of the first and second causes of action, and the entire third cause of action, should be dismissed as time-barred, and that the fourth cause of action should be dismissed for failure to state a cause of action. The plaintiff cross-moved for summary judgment on the issue of liability. In an order dated May 12, 2015, the Supreme Court, among other things, converted those branches of the defendants' respective motions which were to dismiss portions of the first and second causes of action, and the entire third cause of action, as time-barred to motions for summary judgment, and held those branches of the motions in abeyance to allow the parties to file supplemental papers. The court also denied those branches of the defendants' respective motions which were to dismiss the fourth cause of action for failure to state a cause of action, denied that branch of the plaintiff's cross motion which was for summary judgment on the fourth cause of action, and held the rest of the plaintiff's cross motion in abeyance. The plaintiff appeals, and the hospital and Ducey cross-appeal, from the order dated May 12, 2015.
After the parties filed supplemental papers, in an order dated October 29, 2015, the Supreme Court, among other things, granted those branches of the defendants' converted motions which were for summary judgment dismissing, as time-barred, the entire third cause of action and so much of the first and second causes of action as were based on an allegation that the c-section was performed upon the plaintiff despite her objection, denied those branches of the defendants' converted motions which were for summary judgment dismissing, as time-barred, so much of first cause of action as was based on the defendants' alleged failure to summon a patient advocacy group and bioethics panel, and denied that branch of the plaintiff's cross motion which was for summary [*3]judgment on the issue of liability on the second cause of action. The plaintiff appeals, and the hospital and Ducey cross-appeal, from the order dated October 29, 2015.
Contrary to the plaintiff's contention, the Supreme Court properly granted those branches of the defendants' separate motions which were for summary judgment dismissing, as barred by the one-year statute of limitations for intentional torts (see CPLR 215[3]), the entire third cause of action and so much of the first and second causes of action as were based on an allegation that the defendants performed a c-section upon the plaintiff despite her objection. In determining which limitations period is applicable to a given cause of action, the court must look to the substance of the allegations rather than to the characterization of those allegations by the parties (see Western Elec. Co. v Brenner, 41 NY2d 291, 293; Tong v Target, Inc., 83 AD3d 1046; Doe v Jacobs, 19 AD3d 641, 642; Rutzinger v Lewis, 302 AD2d 653, 654). Here, the defendants each established, prima facie, that the one-year statute of limitations for intentional torts applied (see De La Cruz v Nour, 134 AD3d 883, 884; Fragosa v Haider, 17 AD3d 526, 527; Cerilli v Kezis, 16 AD3d 363; Cross v Colen, 6 AD3d 306). The plaintiff's allegation that the defendants performed an unauthorized procedure upon her is an allegation of intentional conduct rather than conduct that can be construed as a deviation from a reasonable standard of care (see Messina v Matarasso M.D., F.A.C.S., P.C., 284 AD2d 32, 35). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff could not avoid the running of the limitations period by attempting to couch the claim as one sounding in negligence, medical malpractice, or lack of informed consent (see Tong v Target, Inc., 83 AD3d at 1046-1047; Smith v County of Erie, 295 AD2d 1010, 1010-1011; Wertzberger v City of New York, 254 AD2d 352).
To the extent that the second cause of action was based on an allegation that the defendants committed medical malpractice, the plaintiff failed to establish her prima facie entitlement to summary judgment on the issue of liability. While the plaintiff alleged that the defendants committed medical malpractice when they lacerated her bladder during the c-section, she did not present any expert medical testimony indicating that the laceration of her bladder was caused by a deviation from the applicable standard of care (see Koster v Davenport, 142 AD3d 966, 968; Deadwyler v North Shore Univ. Hosp. at Plainview, 55 AD3d 780, 781; Harper v Findling, 38 AD3d 601, 601-602). " Expert testimony is necessary to prove a deviation from accepted standards of medical care and to establish proximate cause'" (Nichols v Stamer, 49 AD3d 832, 833, quoting Lyons v McCauley, 252 AD2d 516, 517; see Berger v Becker, 272 AD2d 565, 566; Lasek v Nachtigall, 189 AD2d 749).
Although the plaintiff submitted expert testimony that the defendants deviated from the standard of care when they determined that the plaintiff needed a c-section, in opposition, the hospital and Ducey submitted the redacted affirmation of an obstetrician/gynecologist who opined that the c-section was indicated given the plaintiff's prolonged labor, the fetal heart rate pattern, and the increasing potential for uterine rupture. Gorelik and Metropolitan submitted an affidavit of an obstetrician/gynecologist who opined that the fetal heart tracings showed cause for concern, despite appropriate measures taken to correct the fetal status. The expert opined that the decision to recommend a c-section was appropriately made. "Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions" (Feinberg v Feit, 23 AD3d 517, 519). Accordingly, the Supreme Court properly denied that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on so much of the second cause of action as was based upon the defendants' alleged malpractice in determining that a c-section was necessary, and in lacerating the plaintiff's bladder.
Contrary to the contention of the hospital and Ducey, the Supreme Court properly denied that branch of their converted motion which was for summary judgment dismissing so much of the first cause of action insofar as asserted against them as was based on their alleged failure to summon a patient advocate group and bioethics panel as duplicative of the untimely allegations sounding in battery. Assuming that they state a cause of action, the allegations that the hospital and Ducey failed to provide the plaintiff with the assistance of the patient advocate group and bioethics panel are not duplicative of the allegations sounding in battery because they are not based on intentional conduct, but on negligence (see De La Cruz v Nour, 134 AD3d 883, 884-885; Green v [*4]Emmanuel African M.E. Church, 278 AD2d 132).
The fourth cause of action is predicated on alleged violations of Public Health Law § 2803-c(3)(e) and 10 NYCRR 405.7(b)(10), specifically, the deprivation of the plaintiff's right to refuse treatment. Public Health Law § 2803-c is entitled "Rights of patients in certain medical facilities" (emphasis added). Public Health Law § 2803-c(2) specifies that the statute applies to "nursing home[s]" and "facilit[ies] providing health-related service," which it states are defined in Public Health Law § 2801(2) and (4)(b), respectively. Public Health Law § 2801(2) defines a "nursing home" as "a facility proving nursing care . . . in addition to lodging and board or health-related service," while Public Health Law § 2801(1) separately defines a "hospital" as, inter alia, "a facility or institution engaged principally in providing services by or under the supervision of a physician." Public Health Law § 2801(4)(b) defines "health-related service" as service in facilities which "provide or offer lodging, board and physical care," while Public Health Law § 2801(4)(a) separately defines "hospital service" as, among other things, the "preadmission, out-patient, in-patient and post discharge care provided in or by a hospital." Accordingly, it is clear from the statutory scheme that Public Health Law § 2803-c was not intended to apply to hospitals.
Public Health Law § 2801-d authorizes a private right of action by patients of "residential health care facilities" for the violation of rights enumerated in Public Health Law § 2803-c. "Residential health care facility" is defined by the statute as "a nursing home or facility providing health-related service" (Public Health Law § 2801[3]). Since the hospital is not a "residential health care facility," this provision is not applicable to the hospital (see Novick v South Nassau Communities Hosp., 136 AD3d 999, 1001; Burkhart v People, Inc., 129 AD3d 1475, 1477). The fact that the legislature did not specify that a private right of action was available against hospitals indicates that providing a private right of action to hospital patients was contrary to the legislative scheme. Therefore, no private right of action under the Public Health Law should be inferred (see Sheehy v Big Flats Community Day, 73 NY2d 629, 633; Cunningham v Newman, 81 AD3d 440).
10 NYCRR 405.7, entitled "Patients' Rights," is a regulation promulgated by the New York State Department of Health which requires that patients be afforded certain rights. 10 NYCRR 405.7 does apply to hospitals, but no private right of action arising from an alleged violation of that regulation has been recognized. Although a violation of that regulation may be cited in support of a medical malpractice cause of action based upon a violation of a standard of care, a violation of that regulation does not give rise to an independent private right of action (see McDonald v New York City Health & Hosps. Corp., 203 AD2d 6; McNair v N.Y.C.D.O.C. Comm., 2017 US Dist LEXIS 146829 [SD NY, No. 16-CV-2778 (LAD)]; Walters v New York City Health & Hosps. Corp., 2005 WL 324242, *3, 2005 US Dist LEXIS 1895, *8 [SD NY, No. 02-Civ-751 (DF)]; Armstrong v Brookdale Univ. Hosp. & Med. Ctr., 2002 WL 13222, 2002 US Dist LEXIS 29224 [ED NY, No. 98-CV-2416 (SJ)]). Accordingly, the Supreme Court should have granted that branch of the motion of the hospital and Ducey which was pursuant to CPLR 3211(a)(7) to dismiss the fourth cause of action insofar as asserted against them.
The plaintiff's remaining contentions either are without merit or need not be addressed in light of our determination.
LEVENTHAL, J.P., HINDS-RADIX, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court