Doe v Advantagecare Physicians, P.C. (2021 NY Slip Op 00292)





Doe v Advantagecare Physicians, P.C.


2021 NY Slip Op 00292


Decided on January 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2018-03479
 (Index No. 508631/16)

[*1]Jane Doe, appellant, 
v
Advantagecare Physicians, P.C., et al., respondents.


Gerald P. Gross (The Altman Law Firm, PLLC, New York, NY [Michael T. Altman], of counsel), for appellant.
Silverson, Pareres & Lombardi LLP, New York, NY (Rachel H. Poritz of counsel), for respondent Advantagecare Physicians, P.C.
Helwig, Henderson, Gray & Spinola, LLP, Syosset, NY (Pamela Gleit of counsel), for respondent Gerald M. Weintraub.



DECISION & ORDER
In an action, inter alia, to recover damages for intentional tort, the plaintiff appeals from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated January 19, 2018. The order granted the motion of the defendant Gerald M. Weintraub pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him, granted that branch of the separate motion of the defendant Advantagecare Physicians, P.C., which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it, and denied the plaintiff's cross motion pursuant to CPLR 3025 for leave to amend the complaint.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the motion of the defendant Advantagecare Physicians, P.C., which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it, and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof granting that branch of the motion of the defendant Gerald M. Weintraub which was pursuant to CPLR 3211(a)(5) to dismiss the cause of action alleging a violation of the Victims of Violent
Crime Protection Act (Administrative Code of City of NY § 10-401 et seq.) asserted against him, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, with one bill of costs to the plaintiff payable by the defendant Advantagecare Physicians, P.C.
The plaintiff alleges that on February 25, 2015, she appeared for a first-time appointment with the defendant Gerald M. Weintraub, a physician, for examination of a growth on her head, and that Weintraub locked the door to the examination room, directed the plaintiff to remove her clothing, conducted a full-body examination of her, and fondled her breasts while rubbing his erect genitalia against her. The plaintiff commenced this action in May 2016 against Weintraub and his employer, Advantagecare Physicians, P.C. (hereinafter Advantagecare), asserting causes of action against Weintraub for assault, battery, and violation of the Victims of Violent Crime [*2]Protection Act (Administrative Code of City of NY § 10-401 et seq.), and against Advantagecare for, inter alia, negligent hiring and retention of Weintraub.
Weintraub moved pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him on the ground that the causes of action asserted against him sounded in intentional tort and were subject to a one-year statute of limitations, which had expired prior to the commencement of this action. Advantagecare separately moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it on the ground that the causes of action asserted against it were based on claims of intentional torts and were subject to a one-year statute of limitations, which had expired prior to the commencement of this action. The plaintiff cross-moved pursuant to CPLR 3025 for leave to amend the complaint to assert a cause of action against Weintraub for a violation of the Victims of Gender-Motivated Violence Protection Law (Administrative Code of City of NY § 10-1101 et seq.), and to add allegations to the first two causes of action, alleging battery and assault, respectively, that Weintraub committed a sexual offense of such a nature to be considered aggravated sexual abuse in the first degree as defined by Penal Law § 130.70, which would have the effect of extending the statute of limitations on those causes of action to five years (see former CPLR 213-c). In an order dated January 19, 2018, the Supreme Court granted Weintraub's motion and that branch of Advantagecare's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it, and denied the cross motion. The plaintiff appeals.
We agree with the Supreme Court's determination granting those branches of Weintraub's motion pursuant to CPLR 3211(a)(5) which were to dismiss the battery and assault causes action asserted against him. Weintraub established, prima facie, that the plaintiff commenced this action after the one-year statute of limitations for each cause of action had expired (see CPLR 215[3]).
However, the Supreme Court should not have granted that branch of Weintraub's motion pursuant to CPLR 3211(a)(5) which was to dismiss the cause of action alleging a violation of the Victims of Violent Crime Protection Act. This cause of action has a six-year statute of limitations (see Administrative Code of City of NY § 10-404[a]). Since the plaintiff commenced the instant action within 15 months of the alleged violation, this cause of action was timely.
Further, the Supreme Court should not have granted that branch of the motion of Advantagecare which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it. While the plaintiff's damages may have been caused by Weintraub's alleged battery and assault, liability against Advantagecare is not based on an allegation that it intentionally harmed the plaintiff, but that it was negligent (see De La Cruz v Nour, 134 AD3d 883, 884; Green v Emmanuel African M.E. Church, 278 AD2d 132). Thus, Advantagecare failed to establish, prima facie, that the three-year statute of limitations for negligence (see CPLR 214) did not apply to the causes of action interposed by the plaintiff against it (see De La Cruz v Nour, 134 AD3d at 885; see generally N.X. v Cabrini Med. Ctr., 97 NY2d 247).
Motions for leave to amend pleadings should be freely granted, absent prejudice or surprise directly resulting from the delay in seeking leave, unless the proposed amendment is palpably insufficient or patently devoid of merit (see CPLR 3025[b]; Feldman v Finkelstein & Partners, LLP, 76 AD3d 703, 705; Aurora Loan Servs., LLC v Thomas, 70 AD3d 986, 987). A motion for leave to amend is committed to the broad discretion of the motion court (see Murray v City of New York, 43 NY2d 400, 404-405; McIntosh v Ronit Realty, LLC, 181 AD3d 579). Here, the Supreme Court providently exercised its discretion in denying the plaintiff's cross motion for leave to amend the complaint. The plaintiff's proposed amendments were palpably insufficient and patently devoid of merit, as the allegations in the complaint did not amount to either a violation of Penal Law § 130.70 or the Victims of Gender-Motivated Violence Protection Law (Administrative Code of City of NY § 10-1101 et seq.; see Land v Forgione, 177 AD3d 862, 864; see also McIntosh v Ronit Realty, LLC, 181 AD3d at 580; Healey v Ean Holdings, LLC, 180 AD3d 1017, 1018; [*3]Mongelli v Emart Dept. Stores, Inc., 174 AD3d 703, 704).
AUSTIN, J.P., MILLER, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court