| Williams v Mount Sinai St. Luke's |
|:---:|
| 2024 NY Slip Op 31091(U) |
| April 1, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 805096/2023 |
| Judge: John J. Kelley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. JOHN J. KELLEY**                PART                    56M

*Justice*

------------------------------------------------------------------------X

JOMO M. WILLIAMS, as Administrator of the Estate of
GLORIA WILLIAMS, deceased,

INDEX NO.          805096/2023

MOTION DATE          11/08/2023

                            Plaintiff,

MOTION SEQ. NO.          003

- v -

MOUNT SINAI ST. LUKE'S and THE NEW JEWISH HOME,

**DECISION + ORDER ON
MOTION**

                            Defendants.

------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 003) 23, 24, 25, 26, 27, 28, 30, 31, 32, 33, 34

were read on this motion to/for                                DISMISSAL                                .

In this action to recover damages for medical malpractice, wrongful death, and negligent hiring and supervision, the defendant Mount Sinai St. Luke's (Mount Sinai) moves pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it as time-barred (CPLR 3211[a][5]), and for failure to state a cause of action (CPLR 3211[a][7]). The plaintiff opposes the motion. The motion is granted to the extent that the wrongful death cause of action is dismissed as time-barred insofar as asserted against Mount Sinai, and the motion is otherwise denied. The defendant The New Jewish Home (NJH), which answered the complaint, purported to "join in" Mount Sinai's motion, as set forth in papers served and filed on the same date as the plaintiff's opposition papers. Since NJH did not expressly move for relief as to itself, the court declines to grant any such relief to NJH (*see generally Wimbledon Fin. Master Fund, Ltd. v Laslop*, 169 AD3d 550, 551 [1st Dept 2019] [motion court has discretion as to whether or not to consider affirmative request for relief set forth only in opposition papers, even in the absence of a formal cross motion or separate motion]).

805096/2023   WILLIAMS, JOMO M. vs. MOUNT SINAI ST. LUKE'S ET AL
Motion No.  003

Page 1 of 6

1 of 6

[* 1]

In the first instance, the court notes that, although Mount Sinai previously had made a CPLR 3211(a) motion to dismiss the complaint against it based on the plaintiff's alleged lack of capacity, it withdrew that motion. Thus, although CPLR 3211(e) only permits a defendant to make one motion pursuant to CPLR 3211(a), "once a preanswer motion is withdrawn, CPLR 3211(e) contains no prohibition against the same party subsequently moving for . . . relief" pursuant to CPLR 3211(a) (*Klein v Gutman*, 12 AD3d 417, 418 [2d Dept 2004]).

To secure dismissal of the complaint as time-barred, Mount Sinai had the initial burden of establishing that the action was commenced after the expiration of relevant limitations period. If Mount Sinai satisfies its initial burden in this regard, the plaintiff is obligated to raise a question of fact as to whether the statute of limitations was tolled or was otherwise inapplicable, or whether he actually commenced the action within the applicable limitations period (*see Williams v New York City Health & Hosps. Corp.*, 84 AD3d 1358, 1359 [2d Dept 2011]).

The plaintiff's decedent died on October 19, 2020, which also was the last date that any defendant provided medical treatment to the decedent. The plaintiff commenced this action on March 22, 2023. The limitations period applicable to causes of action to recover for wrongful death is two years from the date of the decedent's death (*see* EPTL 5-4.1[1]). Hence, the limitations period applicable to the wrongful death cause of action normally would have expired on October 19, 2022. Contrary to the plaintiff's contention, although the COVID-19 toll extended his time to interpose his wrongful death cause of action by 15 days, the toll does not save his wrongful death cause of action from dismissal.

In accordance with L 2020, ch 23, § 2 (eff Mar. 3, 2020), the Legislature amended Executive Law § 29-a to authorize the Governor to issue, by executive order, any directive necessary to respond to the state disaster emergency arising from the COVID-19 pandemic, including a declaration that all statutory periods for the service and filing of papers in legal actions were tolled. On March 20, 2020, the Governor, pursuant to that authority, issued Executive Order (EO) 202.8, which provided, in relevant part:

**805096/2023  WILLIAMS, JOMO M. vs. MOUNT SINAI ST. LUKE'S ET AL**                    **Page 2 of 6**
  **Motion No. 003**

2 of 6

[* 2]

"In accordance with the directive of the Chief Judge of the State to limit court operations to essential matters during the pendency of the COVID-19 health crisis, *any specific time limit for the commencement, filing, or service of any legal action, notice, motion, or other process or proceeding, as prescribed by the procedural laws of the state, including but not limited to . . . the civil practice law and rules . . .* , or by any other statute, local law, ordinance, order, rule, or regulation, or part thereof, *is hereby tolled from the date of this executive order until April 19, 2020."*

(emphasis added). The terms of that EO, including the tolling deadlines set forth therein, were extended 13 times between March 20, 2020 and October 4, 2020. On October 4, 2020, the Governor issued EO 202.67, providing for a final extension of the tolling deadline until November 3, 2020, with the toll no longer in effect as of November 4, 2020 (*see Brash v Richards*, 195 AD3d 582 [2d Dept 2021] [explicitly concluding that the executive orders effectuated a toll and not a mere suspension of filing deadlines]). "A toll suspends the running of the applicable period of limitation for a finite time period, and '[t]he period of the toll is excluded from the calculation of the [relevant time period]'" (*id*. at 582, quoting *Chavez v Occidental Chem. Corp.*, 35 NY3d 492, 505, n 8 [2020]; *see Landwehrle v Bianchi,* 2022 NY Slip Op 50649[U], *2, 2022 NY Misc LEXIS 3094, *5 [Sup Ct, N.Y. County, Jun. 24. 2022] [Kelley, J.]; *Pollock v Rengasamy*, 2022 NY Slip Op 22160, *5, 2022 NY Misc LEXIS 2154, *10 [Sup Ct, Washington County, May 18, 2022]).

The wrongful death cause of action only accrued when the plaintiff's decedent died on October 19, 2020, a date on which the toll still was in effect. Consequently, the toll that must be applied to the wrongful death cause of action ran from October 20, 2020, the first day after her death, until November 3, 2020, the last day of the toll, a period of 15 days, and the plaintiff was required to interpose the wrongful death cause of action on or before November 3, 2022. He cannot tack on, retroactively, the 214 days from March 20, 2020 until October 19, 2020, since the limitations period applicable to his wrongful death cause of action had yet even to commence during that period of time. Inasmuch as the plaintiff interposed the wrongful death

805096/2023  WILLIAMS, JOMO M. vs. MOUNT SINAI ST. LUKE'S ET AL
Motion No. 003

Page 3 of 6

3 of 6

[* 3]

cause of action against Mount Sinai on March 22, 2023, that cause of action must be dismissed against Mount Sinai as time-barred.

The statute of limitations applicable to actions to recover for medical malpractice against a private health-care provider is 2½ years, measured from "the act, omission or failure complained of or last treatment where there is a continuous treatment for the same illness, injury or condition which gave rise to the said act omission or failure" (CPLR 214-a). Hence, if Mount Sinai provided treatment to the plaintiff up to and including October 19, 2020, the limitations period applicable to the medical malpractice cause of action normally would have expired on April 19, 2023, would have been extended an additional 15 days pursuant to the toll, or until May 4, 2023, and the medical malpractice cause of action would have been timely interposed when this action was commenced on March 22, 2023. Similarly, the limitations period applicable to cause of action to recover for negligent hiring and supervision is three years from the date of the underlying tortious conduct that formed the basis for the related tort claim (*see Green v Emmanuel African Methodist Episcopal Church*, 278 AD2d 132, 132-133 [1st Dept 2000]). Hence, to the extent that Mount Sinai may be held liable for medical malpractice in the first instance, the limitations period applicable to that cause of action, which normally would have expired on October 19, 2023, was extended by the COVID-19 toll until November 3, 2023.

In an affidavit, Mount Sinai's Administrative Director of Health Information Management, Michael Huston, averred that his review of Mount Sinai's records reflected that the plaintiff was treated over the years at Mount Sinai beginning on September 11, 2007, and was last seen by, and discharged from, Mount Sinai on August 7, 2020. Hence, Mount Sinai argues that the medical malpractice cause of action against it had to be interposed no later than 2½ years after that date, or by February 7, 2023. Contrary to its contention, however, even if August 7, 2020 were the final day that it rendered treatment to the decedent, the COVID-19 toll applicable to that cause of action would save it from dismissal, since the limitations period was tolled for 88 days---from August 7, 2020 until November 3, 2020---permitting the plaintiff to commence the

action on or before May 8, 2023, the first business date after the tolling period is added to the regular limitations period (*see* General Construction Law § 25-a). Hence, the plaintiff's commencement of this action on March 22, 2023 rendered it timely as to the medical malpractice cause of action asserted against Mount Sinai. In any event, in opposition to Mount Sinai's motion, the plaintiff submitted Mount Sinai's own records, which revealed that his decedent had scheduled a follow-up appointment with Mount Sinai neurologist E. John Nasrallah, M.D., for October 14, 2020, that she presumably attended it and, thus, she was still under Mount Sinai's care at least until that date.

Moreover, employing August 7, 2020 date as the date from which the limitations period against Mount Sinai began to run, the cause of action to recover for negligent hiring and supervision would have expired August 7, 2023, even before the tolling period is taken into account; hence, that cause of action was interposed in a timely fashion.

When assessing the adequacy of a pleading in the context of a motion to dismiss under CPLR 3211(a)(7), the court's role is "to determine whether [the] pleadings state a cause of action" (*511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 151-152 [2002]). To determine whether a claim adequately states a cause of action, the court must "liberally construe" it, accept the facts alleged in it as true, accord it "the benefit of every possible favorable inference" (*id.* at 152; *see Romanello v Intesa Sanpaolo, S.p.A.*, 22 NY3d 881 [2013]; *Simkin v Blank*, 19 NY3d 46 [2012]), and determine only whether the facts, as alleged, fit within any cognizable legal theory (*see Taxi Tours, Inc. v Go New York Tours, Inc.*, _____NY3d_____, 2024 NY Slip Op 01333, *1-2, 2024 NY LEXIS 271, *1-2 [Mar. 14, 2024]; *Hurrell-Harring v State of New York*, 15 NY3d 8 [2010]; *Leon v Martinez*, 84 NY2d 83 [1994]; *Weil, Gotshal & Manges, LLP v Fashion Boutique of Short Hills, Inc.*, 10 AD3d 267 [1st Dept 2004]; CPLR 3026). "The motion must be denied if from the pleading's four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law" (*511 W. 232nd Owners*

805096/2023 WILLIAMS, JOMO M. vs. MOUNT SINAI ST. LUKE'S ET AL Page 5 of 6
Motion No. 003

5 of 6

*Corp. v Jennifer Realty Co.*, 98 NY2d at 152 [internal quotation marks omitted]; *see Leon v Martinez*, 84 NY2d at 87-88; *Guggenheimer v Ginzburg*, 43 NY2d 268 [1977]).

Where, however, the court considers evidentiary material beyond the complaint, as it does here, the criterion becomes "whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one" (*Guggenheimer v Ginzburg*, 43 NY2d at 275), but dismissal will not eventuate unless it is "shown that a material fact as claimed by the pleader to be one is not a fact at all" and that "no significant dispute exists regarding it" (*id.*). Nonetheless, "conclusory allegations—claims consisting of bare legal conclusions with no factual specificity— are insufficient to survive a motion to dismiss" (*Godfrey v Spano*, 13 NY3d 358, 373 [2009]). Here, the plaintiff clearly asserted facially valid causes of action to recover against Mount Sinai for medical malpractice and negligent hiring and supervision, and there is a significant dispute regarding whether Mount Sinai provided the "medical care or treatment at issue" in this action, and whether it had a physician-patient relationship with the decedent during the time complained of.

Accordingly, it is,

ORDERED that the motion is granted to the extent that the wrongful death cause of action is dismissed insofar as asserted against the defendant Mount Sinai St. Luke's, and the motion is otherwise denied.

This constitutes the Decision and Order of the court.

| 4/1/2024 | | | | | |
|----------|---|---|---|---|---|
| **DATE** | | | | JOHN J. KELLEY, J.S.C. | |
| **CHECK ONE:** | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | | |
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER | |
| **APPLICATION:** | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | | |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE | |

805096/2023   WILLIAMS, JOMO M. vs. MOUNT SINAI ST. LUKE'S ET AL
Motion No. 003

Page 6 of 6

[* 6]