■ RUBY RAMAUTAR et al., Appellants, v MICHAEL WAIN-FELD et al., Respondents. [709 NYS2d 838] —In an action, *inter alia*, to recover damages for lack of informed consent, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Levine, J.), dated May 4, 1999, which granted the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action.

Ordered that the order is affirmed, with costs.

The Supreme Court properly dismissed the cause of action asserted on behalf of the plaintiff Ruby Ramautar against the defendant Michael Wainfeld to recover damages for alleged battery. Upon a review of the factual allegations of the complaint (*see, Guggenheimer v Ginzburg,* 43 NY2d 268) as well as the documentary evidence submitted on the motion to dismiss (*see, Rovello v Orofino Realty Co.,* 40 NY2d 633; *Adams v O'Connor,* 245 AD2d 537), the plaintiff Ruby Ramautar failed to allege all of the elements necessary to support a cause of action to recover damages for battery (*see, Romatowski v Hitzig,* 227 AD2d 870; *Laskowitz v CIBA Vision Corp.,* 215 AD2d 25, 27; *Spinosa v Weinstein,* 168 AD2d 32, 41; *Rigie v Goldman,* 148 AD2d 23, 28-29; *Oates v New York Hosp.,* 131 AD2d 368; *Murriello v Crapotta,* 51 AD2d 381).

Furthermore, the causes of action asserted against the defendant Brookdale University Hospital and Medical Center under the doctrines of respondeat superior and negligent hiring were also properly dismissed since the plaintiffs failed to state a cause of action against the employee, Wainfeld (*see, Turcotte v Fell,* 68 NY2d 432, 442; *Brown v Poritzky,* 30 NY2d 289, 292).

In view of the dismissal of the claims asserted by Ruby Ramautar, the derivative claims asserted by her husband, Krishna Ramautar, were also properly dismissed (*see, Shay v Jerkins,* 263 AD2d 475). O'Brien, J. P., Altman, Friedmann, McGinity and Smith, JJ., concur.