■ JANET ROSSETTI, as Parent and Guardian of STEVEN ROSSETTI, an Infant, Appellant, v BOARD OF EDUCATION OF SCHALMONT CENTRAL SCHOOL DISTRICT et al., Respondents. [716 NYS2d 460] —Mugglin, J. Appeal from an order of the Supreme Court (Nolan, Jr., J.), entered June 25, 1999 in Schenectady County, which denied plaintiff's motion to set aside the verdict.

This action seeks to recover compensatory damages for injuries to Steven Rossetti (hereinafter the infant), while in the exclusive care and custody of defendant Schalmont Central School District (hereinafter School District). The infant, seven years old at the time of the injury, is a spastic quadriplegic, unable to walk or speak, who spends the majority of his waking hours confined to a wheelchair. Defendant Rosalind Mar-

shall was employed by the School District as the infant's full-time personal aide during school hours and had served in that capacity since 1993.

On the morning of November 15, 1995, plaintiff placed the infant on the School District's bus for transportation to school and alleges that he was then uninjured. The complaint alleges that the infant suffered a spiral fracture to his right femur caused by a forced twisting motion—an injury that the infant was incapable of self-inflicting—when Marshall was changing the infant's diaper, reclothing him or returning him to his wheelchair.

Prior to the commencement of trial, defendants stipulated that Marshall had been acting within the scope of her employment, thus rendering the School District vicariously liable for her negligence. Based on this stipulation, defendants sought and Supreme Court granted dismissal of the fifth and sixth causes of action against the School District which sounded in negligent hiring and negligent retention.

At the conclusion of plaintiff's case, Supreme Court also granted defendants' motion to dismiss plaintiff's third and fourth causes of action which alleged assault and battery and negligent infliction of emotional distress against Marshall. The court reserved judgment on defendants' motion to strike the remainder of plaintiff's causes of action and on plaintiff's motion for a directed verdict. Thus, the causes of action which remained against Marshall sounded in negligence and negligence on the theory of res ipsa loquitur and against the School District for negligence on the theory of res ipsa loquitur and for respondeat superior. Without ruling on the reserved motions, the court submitted the case to the jury with a verdict sheet which asked only whether Marshall was negligent. No question concerning the negligence of the School District was included on the verdict sheet. The jury found Marshall not negligent and, therefore, did not reach the issues of proximate cause or damages.

Plaintiff filed two notices of appeal, one from the verdict seeking a review of all appealable issues and one from the denial of her subsequent CPLR 4404 (a) motion to set aside the verdict and for either a directed verdict in favor of plaintiff and a new trial solely on the issue of damages or, in the alternative, a trial de novo. Plaintiff's appeal from the verdict was subsequently withdrawn and, consequently, the record does not contain the trial transcript. As limited by her brief, plaintiff's issues presented for our review concern Supreme Court's refusal to charge the jury with respect to the potential

liability of the School District for the infant's injuries on the causes of action specifically pleaded against the School District.

First, we find no merit to plaintiff's contention that Supreme Court erred in dismissing the fifth and sixth causes of action sounding in negligent hiring and negligent retention of an employee. After the School District stipulated that Marshall was acting within the scope of her employment, these causes of action are unnecessary for the purpose of imposing liability for plaintiff's damages against the School District. Where an employee is acting within the scope of his or her employment, the employer is liable under the theory of respondeat superior and no claim may proceed against the employer for negligent hiring or retention (*see, Eifert v Bush*, 27 AD2d 950, *affd* 22 NY2d 681; *see also, Weinberg v Guttman Breast & Diagnostic Inst.*, 254 AD2d 213; *Karoon v New York City Tr. Auth.*, 241 AD2d 323). The rationale is that "if the employee was not negligent, there is no basis for imposing liability on the employer, and if the employee was negligent, the employer must pay the judgment regardless of the reasonableness of the hiring or retention or the adequacy of the training" (*Karoon v New York City Tr. Auth., supra*, at 324; *compare*, PJI3d 2:240 [2000]).

Meaningful review of the claimed errors in the "functional" dismissal of plaintiff's seventh and eighth causes of action is not possible in the absence of the trial transcript which would include the jury charge, as given by Supreme Court. With respect to the theory of respondeat superior, it would appear that the jury might have been charged that the School District could be found liable under the theory of respondeat superior if the jury found that Marshall was negligent in the manner in which she changed the infant's diaper or clothing. Indeed, this is the precise theory of liability that was pleaded in the eighth cause of action in the complaint. However, in the absence of the trial transcript, we cannot determine if the jury was so charged or if there is any direct evidence of negligence on the part of any School District employee other than Marshall.

Lastly, we address plaintiff's claim that Supreme Court erred by not including on the verdict sheet a question concerning the School District's liability for the infant's injuries. By this omission, plaintiff contends that Supreme Court functionally dismissed her seventh cause of action which sounded in negligence against the School District on a theory of res ipsa loquitur. "Once a plaintiff's proof establishes the following three conditions, a prima facie case of negligence exists and [the] plaintiff is entitled to have res ipsa loquitur charged to the jury. First, the event must be of a kind that ordinarily does

not occur in the absence of someone's negligence; second, it must be caused by an agency or instrumentality within the exclusive control of the defendant; and third, it must not have been due to any voluntary action or contribution on the part of the plaintiff" (*Kambat v St. Francis Hosp.*, 89 NY2d 489, 494 [citation omitted]). "The rule of res ipsa loquitur permits an inference of negligence to be drawn if the instrumentality causing the injury to the plaintiff was 'in the exclusive possession and control of the person charged with negligence * * * and * * * the accident would not ordinarily have occurred without neglect of some duty owed to the plaintiff'" (*Abbott v Page Airways*, 23 NY2d 502, 510, quoting *Galbraith v Busch*, 267 NY 230, 234). By introducing evidence of specific acts of negligence, a plaintiff does not thereby preclude himself or herself from still relying on the doctrine of res ipsa loquitur, but "it would be impermissible to rely on res ipsa if the proof adduced by the plaintiff actually refutes or negates the inference which might otherwise have been drawn from application of that doctrine" (*Abbott v Page Airways, supra*, at 511).

From this limited record, it appears that plaintiff's proof of negligence centered primarily, if not exclusively, on defendant Marshall's conduct vis-à-vis the infant. Such direct evidence of Marshall's negligence negates an inference of negligence against any other School District employee, making inappropriate a res ipsa charge against the School District. Moreover, in the absence of the trial transcript, we cannot determine if plaintiff established the second foundational element—an instrumentality or agency within the School District's control which caused the injury—since the jury found that Marshall was not negligent. Therefore, Supreme Court did not err by omitting a question concerning the School District's liability from the verdict sheet.

Mercure, J. P., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.