■ LORENZO GONZALEZ et al., Appellants, v CITY OF NEW YORK et al., Respondents. [730 NYS2d 154] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Steinhardt, J.), dated May 26, 2000, which granted that branch of the defendants' post-trial motion which was to dismiss the complaint pursuant to CPLR 4404 (a) on the ground that the plaintiffs failed to set forth a claim for battery in their notice of claim.

Ordered that the order is reversed, on the law and the facts, without costs or disbursements, the jury verdict is reinstated, that branch of the defendants' post-trial motion which was to dismiss the complaint pursuant to CPLR 4404 (a) is denied, and that branch of the motion which was to reduce the amount of damages awarded is granted to the extent that a new trial is granted on the issue of damages only, unless within 30 days after the service upon them of a copy of this decision and order, the plaintiffs shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to decrease the verdict as to damages for past pain and suffering from the sum of $150,000 to $85,000, and future pain and suffering from the sum of $305,000 to $165,000, and to the entry of a judgment accordingly; in the event that the plaintiffs so stipulate, then the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment accordingly.

On November 16, 1994, the infant plaintiff, Lorenzo Gonzalez, a seventh-grade student, was injured while running in a hall at school when he tripped and fell over the leg of a teacher who was monitoring the halls between classes. The plaintiffs sought to recover damages based upon negligent supervision, assault, and battery, and negligent hiring and retention. At trial, the infant plaintiff testified that the teacher told him to stop running and when he continued, the teacher intentionally stuck out his leg causing the infant plaintiff to trip and fall. At the close of the evidence, the trial court permitted the case to go to the jury on the cause of action to recover damages for negligent supervision. The jury returned a verdict in favor of the infant plaintiff. The defendants then moved pursuant to CPLR 4404 (a), *inter alia*, to dismiss the complaint on the ground that the plaintiffs failed to set forth a claim of battery in the notice of claim. The Supreme Court granted the branch of the motion which was to dismiss the complaint upon finding that the plaintiffs proved an intentional tort of battery and not negligence.

Contrary to the conclusion of the Supreme Court, we find that the evidence adduced at trial was sufficient to establish the cause of action based on negligent supervision. The standard of care applicable to a school's oversight of its students is that degree of supervision that a parent of ordinary prudence would undertake in comparable circumstances (*see, Lawes v Board of Educ.*, 16 NY2d 302; *Mirand v City of New York*, 84 NY2d 44). Proper supervision depends largely on the circumstances attending the event (*see, Ohman v Board of Educ.*, 300

NY 306). The plaintiffs established a prima facie case of negligent supervision since a parent of ordinary prudence would not have tried to stop his child from running by sticking his leg out in front of the youngster as he ran past. Such conduct by the teacher who was monitoring the movement of students between classes constituted a breach of the defendants' duty to supervise and was a proximate cause of the infant plaintiff's injuries.

The amount of damages awarded by the jury deviated materially from what would be reasonable compensation to the extent indicated herein (*see,* CPLR 5501 [c]; *Zavurov v City of New York,* 241 AD2d 491). O'Brien, J. P., Ritter, Altman and Schmidt, JJ., concur.