■ GEORGIA ASHLEY, Respondent, v CITY OF NEW YORK et al., Appellants, et al., Defendants. [779 NYS2d 502]—

In an action, inter alia, to recover damages for wrongful death, the defendants City of New York and New York City Police Department appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), dated December 18, 2002, as denied that branch of their cross motion

which was for partial summary judgment dismissing so much of the complaint as sought to recover damages for negligent hiring and retention asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the cross motion is granted, and so much of the complaint as sought to recover damages for negligent hiring and retention asserted against the appellants is dismissed.

The plaintiff's decedent was killed when his vehicle was struck by a vehicle allegedly being pursued in a high-speed chase by New York City police officers. The plaintiff subsequently commenced this action against, among others, the City of New York and the New York City Police Department (hereinafter collectively the City defendants), inter alia, to recover damages for wrongful death. The plaintiff alleged that the City defendants were negligent, among other things, in hiring and retaining the officers. Although disputing the allegation that the police officers were engaged in a high-speed chase, the City defendants conceded that the officers were acting within the scope of their employment when the accident occurred. Therefore, the City defendants cross-moved for partial summary judgment dismissing so much of the complaint as sought to recover damages for negligent hiring and retention asserted against them. The Supreme Court denied that branch of the City defendants' cross motion.

Generally, where an employee is acting within the scope of his or her employment, the employer is liable for the employee's negligence under a theory of respondeat superior and the plaintiff may not proceed with a cause of action to recover damages for negligent hiring and retention (see Rossetti v Board of Educ. of Schalmont Cent. School Dist., 277 AD2d 668, 670 [2000]; Liddell v Slocum-Dickson Med. Group, 273 AD2d 924 [2000]; Karoon v New York City Tr. Auth., 241 AD2d 323, 324 [1997]; Eifert v Bush, 27 AD2d 950, 951 [1967], affd 22 NY2d 681 [1968]). Since the City defendants conceded that the police officers were acting within the scope of their employment when the accident occurred, the Supreme Court should have granted partial summary judgment dismissing so much of the complaint as sought to recover damages for negligent hiring and retention asserted against them. Altman, J.P., Florio, Smith and Rivera, JJ., concur.