On April 20, 2009, the plaintiff, then a student in an alternative high school program run by the defendant Central Islip Union Free School District (hereinafter the School District), allegedly was injured while playing a game of indoor floor hockey during gym class. The alleged injury occurred when the plaintiffs gym teacher, the defendant Otis R. Scerbo, who was playing on the opposing team, took a shot at one of the goals. The plaintiff attempted to block the shot, and the blade of Scerbo’s hockey stick struck the plaintiffs right hand, allegedly causing injury to his right index finger.
The plaintiff commenced this action against the School District and Scerbo to recover damages for his personal injuries. The defendants moved for summary judgment dismissing the complaint, arguing, inter alia, that Scerbo’s participation in the hockey game did not breach any duty owed to the plaintiff. The Supreme Court granted the defendants’ motion.
“A school has a duty to exercise the same degree of care toward its students as would a reasonably prudent parent” (Rodriguez v Riverhead Cent. School Dist., 85 AD3d 1147, 1147 [2011]; see Mirand v City of New York, 84 NY2d 44, 49 [1994]). A school is under a duty to adequately supervise the students in its charge and will be held liable for foreseeable injuries *902 proximately related to the absence of adequate supervision (see Mirand v City of New York, 84 NY2d at 49; Harrington v Bellmore-Merrick Cent. High Sch. Dist., 113 AD3d 727 [2014]; Khosrova v Hampton Bays Union Free Sch. Dist., 99 AD3d 669, 670 [2012]). “Whether a student is properly supervised ‘depends largely on the circumstances attending the event’ ” (Mei Kay Chan v City of Yonkers, 34 AD3d 540, 541 [2006], quoting Farrukh v Board of Educ. of City of N.Y., 227 AD2d 440, 441 [1996]).
Here, the evidence submitted by the defendants in support of their motion failed to satisfy their prima facie burden of establishing their entitlement to judgment as a matter of law. In support of their motion they submitted, inter alia, transcripts of the plaintiffs testimony at both his General Municipal Law § 50-h hearing and his deposition, and the transcript of Scerbo’s deposition testimony. The plaintiff testified at both his 50-h hearing and his deposition that he was injured when Scerbo took a “slap shot” while the plaintiffs stick was right next to the ball. The plaintiff also testified at his 50-h hearing that Scerbo and he were being competitive during the game, while the other players were not actively participating, and that after Scerbo took the slap shot, his follow through with the stick was “really high.” Scerbo testified that he did not take a slap shot, and that when the accident occurred he was facing the opponents’ goal, which was approximately 12 feet away. He further testified that at that point “I knew [the plaintiff] was coming up from behind me,” and “as [the plaintiff] got closer, I didn’t look for him. I was looking to score.”
The defendants’ submissions raised questions of fact as to whether the conduct of Scerbo, who was participating in the game during gym class and was involved in the contact which allegedly injured the plaintiff, constituted proper supervision, as well as whether the alleged negligent supervision was a proximate cause of the plaintiffs injuries (see Gonzalez v City of New York, 286 AD2d 706, 708 [2001]; see also Mei Kay Chan v City of Yonkers, 34 AD3d at 541).
Since the defendants failed to meet their initial burden as the movants, we need not review the sufficiency of the plaintiffs opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]).
Accordingly, the Supreme Court should have denied the defendants’ motion for summary judgment dismissing the complaint.
Skelos, J.E, Austin, Sgroi and LaSalle, JJ., concur.