■ Diana F., an Infant, by Her Mother and Natural Guardian, M.F., et al., Respondents, v Jose Velez, Defendant, and Pentecostal Assembly, Inc., et al., Appellants. [2 NYS3d 915]—

In an action to recover damages for personal injuries, etc., the defendants Pentecostal Assembly, Inc., Angel L. Roman, Sr., and Luis Serrano appeal from an order of the Supreme Court, Kings County (Silber, J.), dated September 30, 2013, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The complaint alleges that the defendants Pentecostal Assembly, Inc., Angel L. Roman, Sr., and Luis Serrano (hereinafter collectively the defendants) negligently hired and supervised the defendant Jose Velez, who sexually assaulted the infant plaintiff. A claim based on negligent hiring and supervision requires a showing that the defendants knew of Velez's propensity to commit the alleged acts or that the defendants should have known of such propensity had they conducted an adequate hiring procedure (*see Kenneth R. v Roman Catholic Diocese of Brooklyn*, 229 AD2d 159, 161 [1997]). Here, the defendants failed to establish their prima facie entitlement to judgment as a matter of law, since they did not demonstrate

that they had no specific knowledge of, and had no reason to have known of, Velez's propensity for sexual misconduct (*cf. Ghaffari v North Rockland Cent. School Dist.*, 23 AD3d 342, 343 [2005]).

Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law, it is not necessary to consider the sufficiency of the plaintiffs' opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. Rivera, J.P., Austin, Roman and Barros, JJ., concur.