■ SANDRA D. SMITH, Respondent, v CONWAY STORES, INC., Appellant. [16 NYS3d 475]—In an action, inter alia, to recover damages for assault, battery, false imprisonment, and negligent training and supervision, the defendant appeals from so much of an order of the Supreme Court, Queens County (Taylor, J.), dated March 7, 2014, as denied that branch of its motion which was for summary judgment dismissing, as time-barred, so much of the complaint as alleged negligent training and supervision.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the defendant's contention, the complaint, as amplified by the bill of particulars, alleged that the defendant negligently trained and supervised its employees. Under the circumstances of this case, the fact that the plaintiff's alleged injuries resulted from the alleged intentional conduct of the defendant's employees did not preclude the plaintiff from alleging negligence claims against the defendant (*see Kenneth R. v Roman Catholic Diocese of Brooklyn*, 229 AD2d 159, 161 [1997]; *see also Green v Emmanuel African M.E. Church*, 278 AD2d 132 [2000]; *Jarvis v Nation of Islam*, 251 AD2d 116 [1998]).

The allegations of negligent training and supervision were governed by a three-year statute of limitations (*see* CPLR 214 [5]; *Timothy Mc. v Beacon City Sch. Dist.*, 127 AD3d 826 [2015]; *Diana F. v Velez*, 126 AD3d 856 [2015]; *Kelly G. v Board of Educ. of City of Yonkers*, 99 AD3d 756 [2012]; *S.C. v New York City Dept. of Educ.*, 97 AD3d 518 [2012]; *Gonzalez v City of New York*, 286 AD2d 706 [2001]). This action was commenced on June 17, 2011, and arises out of an incident alleged to have occurred on January 30, 2010. Therefore, so much of the complaint as alleged negligent training and supervision was not time-barred.

Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was for summary judgment dismissing, as time-barred, so much of the complaint as alleged negligent training and supervision. Mastro, J.P., Balkin, Chambers and Maltese, JJ., concur.