■ Volko Kerzhner, Appellant, v G4S Government Solutions, Inc., et al., Respondents, et al., Defendant. [30 NYS3d 620]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered September 11, 2014, which, to the extent appealed from as limited by the briefs, granted the motion of defendants G4S Government Solutions, Inc. (G4S) and Wackenhut Services, Incorporated (Wackenhut) to dismiss the negligence causes of action in the complaint, unanimously modified, on the law, to deny the motion as to the claim for negligent hiring, supervision and training, and otherwise affirmed, without costs.

Plaintiff alleges that, while visiting a Social Security Administration office concerning his benefits, he was assaulted and thrown to the ground by a security guard, defendant Elliot Ray, who was employed by defendants G4S and Wackenhut (the employer defendants). On appeal, plaintiff does not challenge the dismissal of his intentional tort and vicarious liability claims as barred by the one-year statute of limitations, but asserts that he adequately pleaded claims sounding in negligence.

Plaintiff cannot avoid the statute of limitations by reframing his intentional tort claims as a claim based on breach of the duty to keep the premises safe (see *Palker v MacDougal Rest. Inc.*, 96 AD3d 629, 630 [1st Dept 2012]), especially in this case, in which the employer defendants did not own or lease the premises. The motion court also properly dismissed the negligent infliction of emotional distress claim, since it does not differ from the intentional emotional distress claim, and did not adequately allege extreme and outrageous conduct (see *Howell v New York Post Co.*, 81 NY2d 115, 121 [1993]).

However, when construing the pleadings liberally, as we

must on a motion to dismiss pursuant to CPLR 3211 (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), we find that the complaint sufficiently states a cognizable claim that the employer defendants were negligent in hiring, training and supervising their employees, including defendant Ray (*see Pickering v State of New York*, 30 AD3d 393, 394 [2d Dept 2006]). Plaintiff alleged that the employer defendants were negligent in screening, supervising, and training employees, that Ray committed assault and battery and used excessive force, and that the employer defendants knew or should have known that their employee's improper or illegal behavior was foreseeable. Although plaintiff did not expressly plead that the employer defendants knew of Ray's "propensity" to commit "the sort of conduct" that caused plaintiff's injury (*Sheila C. v Povich*, 11 AD3d 120, 129-130 [1st Dept 2004]), the pleadings may be amplified in a bill of particulars (*see Jarvis v Nation of Islam*, 251 AD2d 116, 117 [1st Dept 1998]). Further, while plaintiff's allegation that Ray was acting "within the scope of his employment" and other allegations of vicarious liability are incompatible with plaintiff's negligent hiring, supervision and training claim, dismissal is not required, because a plaintiff may plead alternative, inconsistent theories (CPLR 3014; *see Pickering*, 30 AD3d at 394). Lastly, plaintiff's claim is governed by a three-year limitations period, even if the underlying wrongful conduct by Ray was intentional (*see Green v Emmanuel African M.E. Church*, 278 AD2d 132, 132-133 [1st Dept 2000]; *Smith v Conway Stores, Inc.*, 131 AD3d 1040, 1040 [2d Dept 2015]). Accordingly, the claim, brought in 2013 based on an incident that occurred in 2011, is not time-barred. Concur—Sweeny, J.P., Renwick, Saxe, Gische and Kahn, JJ.