Kerzhner v G4S Govt. Solutions, Inc. (2018 NY Slip Op 02559)





Kerzhner v G4S Govt. Solutions, Inc.


2018 NY Slip Op 02559


Decided on April 12, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 12, 2018

Sweeny, J.P., Richter, Andrias, Webber, Moulton, JJ.


6272 161313/13

[*1]Volko Kerzhner, Plaintiff-Appellant,
v
G4S Government Solutions, Inc., et al., Defendants-Respondents, Elliot Ray, Defendant.


Law Offices of William Pager, Brooklyn (William Pager of counsel), for appellant.
Ahmuty, Demers & McManus, Albertson (Glenn A. Kaminska of counsel), for respondents.



Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered February 16, 2017, which granted the motion of defendants G4S Government Solutions, Inc., and Wackenhut Services, Incorporated (collectively defendants) for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff alleges that, while at a Social Security Administration office to address an issue with his benefits, defendant Ray, a security guard employed by defendants, pushed him to the ground without provocation. Plaintiff's intentional tort claims were previously dismissed as barred by the statute of limitations, leaving only a claim that defendants were liable for negligent hiring, training and supervision (see 138 AD3d 564 [1st Dept 2016]).
Supreme Court properly granted defendants' motion. Defendants submitted an affidavit from the former deputy general manager for defendant G4S Government Solutions' operations, who stated, among other things, that the security guard's duties include removing individuals from the premises. Since Ray acted within the scope of his employment in ushering plaintiff out of the office, his actions were within the scope of his employment and thus, the negligent hiring claim must be dismissed (see Karoon v New York City Tr. Auth., 241 AD2d 323, 324 [1st Dept 1997]; Ashley v City of New York, 7 AD3d 742 [2d Dept 2004]).
Plaintiff's opposition failed to raise an issue of fact as to whether defendant Ray was acting within the scope of his employment. Indeed, the video of the incident shows defendant Ray escorting plaintiff out of the premises.
Plaintiff's argument that dismissal is not required because he is seeking punitive damages (see Karoon at 324) is unavailing, as the claim for punitive damages was previously dismissed and the dismissal was affirmed by this Court (see 138 AD3d at 564).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 12, 2018
CLERK