McCarthy v Mario Enters., Inc. (2018 NY Slip Op 05006)





McCarthy v Mario Enters., Inc.


2018 NY Slip Op 05006


Decided on July 5, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 5, 2018

525963

[*1]BRENDAN McCARTHY, Appellant,
v
MARIO ENTERPRISES, INC., Doing Business as THE STONE LOUNGE, et al., Respondents.

Calendar Date: June 4, 2018

Before: McCarthy, J.P., Egan Jr., Lynch, Devine and Aarons, JJ.


McGivney Kluger & Cook, PC, New York City (Michael Rawlinson of counsel), for appellant.
Pinsky Law Group PLLC, Syracuse (Bradley M. Pinsky of counsel), for respondents.



MEMORANDUM AND ORDER
McCarthy, J.P.
Appeal from an order of the Supreme Court (Rumsey, J.), entered March 3, 2017 in Cortland County, which granted defendants' motion to dismiss the complaint.
Defendant Mario Enterprises, Inc. operates a bar, defendant The Stone Lounge, which employed defendant Eric Bonawitz as a bouncer. In 2014, plaintiff, then 19 years old, was at the bar when Bonawitz punched him in the face, causing injuries. More than two years later, plaintiff commenced this action alleging that defendants breached their duty to keep the premises safe and negligently hired and supervised employees, specifically Bonawitz. Defendants filed a pre-answer motion to dismiss the complaint, which Supreme Court granted. Plaintiff appeals.[FN1]
Supreme Court did not err in dismissing the first cause of action. That cause of action, which purportedly alleges negligence in failing to maintain a safe premises, could be interpreted as alleging that Mario Enterprises and The Stone Lounge (hereinafter collectively referred to as the employer defendants) were responsible for Bonawitz's actions under a theory of respondent superior, or that they were negligent in their staffing and training of security personnel. [*2]Regarding the former interpretation, Bonawitz's actions as alleged in the complaint were intentional and, therefore, any claim based on them was barred by the one-year statute of limitations (see CPLR 215 [3]). "Plaintiff cannot avoid the statute of limitations by reframing his intentional tort claims as a claim based on breach of the duty to keep the premises safe" (Kerzhner v G4S Govt. Solutions, Inc., 138 AD3d 564, 564 [2016]; see Palker v MacDougal Rest., Inc., 96 AD3d 629, 630 [2012]; see also Ramautar v Wainfeld, 273 AD2d 214, 214 [2000]). The latter interpretation of this cause of action would render those allegations duplicative of the second cause of action. Thus, the first cause of action was properly dismissed.
The second cause of action alleges that the employer defendants negligently hired and supervised Bonawitz. Supreme Court dismissed this cause of action based on cases holding that, "[g]enerally, where an employee is acting within the scope of his or her employment, the employer is liable under the theory of respondent superior, and the plaintiff may not proceed with a claim to recover damages for negligent hiring, retention, supervision, or training" (Ambroise v United Parcel Serv. of Am., Inc., 143 AD3d 929, 931 [2016]; see Ashley v City of New York, 7 AD3d 742, 743 [2004]; Rossetti v Board of Educ. of Schalmont Cent. School Dist., 277 AD2d 668, 670 [2000]). The rationale for this rule "is that if the employee was not negligent, there is no basis for imposing liability on the employer, and if the employee was negligent, the employer must pay the judgment regardless of the reasonableness of the hiring or retention or the adequacy of the training" (Rossetti v Board of Educ. of Schalmont Cent. School Dist., 277 AD2d at 670 [internal quotation marks and citation omitted]). As is apparent from these cases, however, this rule applies where the employee is alleged to have acted negligently, not intentionally.
Plaintiff has adequately alleged that the employer defendants negligently hired, supervised and retained Bonawitz even though they knew or should have known of his propensity to assault or intentionally inflict harm on others (see Kerzhner v G4S Govt. Solutions, Inc., 138 AD3d at 565; Green v Emmanuel African M.E. Church, 278 AD2d 132, 132 [2000]; Kenneth R. v Roman Catholic Diocese of Brooklyn, 229 AD2d 159, 161 [1997], cert denied 522 US 967 [1997], lv dismissed 91 NY2d 848 [1997]). Moreover, the negligence of an employer is not transformed into intentional conduct simply because the employee's wrongful conduct was intentional (see Green v Emmanuel African M.E. Church, 278 AD2d at 132-133). Thus, plaintiff's allegations of negligence were timely asserted within the applicable three-year statute of limitations (see CPLR 214 [5]; Smith v Conway Stores, Inc., 131 AD3d 1040, 1040 [2015]).
Plaintiff did not directly allege that Bonawitz was acting within the scope of his employment when he punched plaintiff. Even if such allegations were included, allegations of vicarious liability, though incompatible with a claim of negligent hiring and supervision, do not require dismissal because a plaintiff may plead inconsistent theories in the alternative (see CPLR 3014; Kerzhner v G4S Govt. Solutions, Inc., 138 AD3d at 565). Hence, construing the complaint liberally, accepting the facts alleged as true and affording plaintiff every favorable inference (see Graven v Children's Home R.T.F., Inc., 152 AD3d 1152, 1153 [2017]), the second cause of action should not have been dismissed. Finally, we reject defendants' argument that Supreme Court should have dismissed the complaint pursuant to CPLR 3211 (a) (4) (see Rinzler v Rinzler, 97 AD3d 215, 217 [2012]).
Egan Jr., Lynch, Devine and Aarons, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants' motion to dismiss the second cause of action; motion denied to that extent and matter remitted to the Supreme Court to permit defendants Mario Enterprises, Inc. and The Stone Lounge to serve an answer within 20 days of the date of this Court's decision; and, as so modified, affirmed.



Footnotes

Footnote 1:On appeal, plaintiff does not challenge the portion of Supreme Court's order dismissing the complaint against Bonawitz.