Sorge v Gona Realty, LLC (2020 NY Slip Op 06409)





Sorge v Gona Realty, LLC


2020 NY Slip Op 06409


Decided on November 10, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 10, 2020

Before: Friedman, J.P., Renwick, Oing, Mendez, JJ. 


Index No. 20469/18E Appeal No. 12328 Case No. 2019-5643 

[*1]James Sorge, Plaintiff-Respondent,
v
Gona Realty, LLC, et al., Defendants-Appellants.


McNamara & Horowitz LLP, New York (David Paul Horowitz of counsel), for appellants.
Patterson Belknap Webb & Tyler, New York (Nathan Monroe-Yavneh of counsel), for respondent.



Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered June 24, 2019, which denied defendants' motion to dismiss the complaint and granted plaintiff's cross motion to amend his pleadings, unanimously affirmed, with costs.
For the purpose of a pre-answer motion to dismiss the complaint alleging violations of the New York State and City Human Rights Laws, plaintiff sufficiently alleged that he was employed by defendants (see Vig v New York Hairspray Co., L.P., 67 AD3d 140, 145 [1st Dept 2009]). The evidence submitted by defendants did not conclusively establish that during the relevant time period they had fewer than four employees so that they were not "employers" under the State and City Human Rights Laws (see Francis v Eisenbeiss, 101 AD3d 414 [1st Dept 2012]).
The cross motion to amend was properly granted. Contrary to the defendants' contention, CPLR 3014 specifically authorizes pleading of inconsistent theories and defenses (see CPLR 3014; Kerzhner v G4S Govt. Solutions, Inc., 138 AD3d 564, 565 [1st Dept 2016]). Moreover, on a motion for leave to amend, plaintiff does not need to establish the merit of his proposed new allegations, but show that the proffered amendment is not "palpably insufficient or clearly devoid of merit," which plaintiff has done here (see MBIA Ins. Corp. v Greystone & Co., Inc., 74 AD3d 499, 500 [1st Dept 2010]).
We have reviewed defendants' contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 10, 2020