Doe v Intercontinental Hotels Group, PLC (2021 NY Slip Op 02063)





Doe v Intercontinental Hotels Group, PLC


2021 NY Slip Op 02063


Decided on April 01, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 01, 2021

Before: Acosta, P.J., Kapnick, Webber, Kennedy, JJ. 


Index No. 159963/17 Appeal No. 13479 Case No. 2020-03245 

[*1]Erin Doe et al., Plaintiffs-Appellants,
v
Intercontinental Hotels Group, PLC, et al., Defendants, Kent Security of New York, Inc., Defendant-Respondent.


Law Office of Niall MacGiollabhuÍ, New York (Niall MacGiollabhuÍ of counsel), for appellants.
Smith Mazure, P.C., New York (Louise M. Cherkis of counsel), for respondent.



Order, Supreme Court, New York County (Margaret A. Chan, J.), entered January 3, 2020, which, to the extent appealed from as limited by the briefs, granted the motion of defendant Kent Security of New York, Inc. (Kent) to dismiss plaintiffs' cause of action for negligent hiring, training, supervision, and retention (negligent hiring claim), unanimously reversed, on the law, without costs, and the motion denied.
Plaintiffs allege that a Kent security guard sexually assaulted plaintiff Erin Doe (Erin) while she was staying at a hotel at which Kent provided security services pursuant to a contract with the hotel's owners and operators. After it answered plaintiffs' initial and amended complaints, and before plaintiffs filed their second amended complaint, Kent moved, inter alia, to dismiss plaintiffs' negligent hiring claim pursuant to both CPLR 3211(a)(1) and (a)(7). Supreme Court granted the motion and dismissed the negligent hiring claim.
Initially, that branch of Kent's motion to dismiss which was pursuant to CPLR 3211(a)(1) was untimely. Kent did not assert a defense founded upon documentary evidence in the answers it filed to plaintiffs' initial and amended complaints before it moved to dismiss (CPLR 3211[e]; see Masada Universal Corp. v Goodman Sys. Co., 121 AD2d 518, 518-519 [2d Dept 1986]).
While admissible documentary evidence submitted by Kent in support of its motion could nevertheless have been considered in support of that branch of its motion which was to dismiss for failure to state a claim (see Rovello v Orofino Realty Co., 40 NY2d 633, 636 [1976]; McMahon v Cobblestone Lofts Condominium, 161 AD3d 536, 536-537 [1st Dept 2018]; Basis Yield Alpha Fund [Master] v Goldman Sachs Group, Inc., 151 AD3d 128, 134-135 [1st Dept 2014]), the affidavit of Kent's director of operations was not sworn to have been made on his own personal knowledge, and therefore was of no probative value as to the issues of fact that he addressed (see Rubin v Rubin, 72 AD2d 536, 537-538 [1st Dept 1979]; Nahrebeski v Molnar, 286 AD2d 891 [4th Dept 2001]). Moreover, although "an affidavit from an individual, even if the person has no personal knowledge of the facts, may properly serve as the vehicle for the submission of acceptable attachments which provide evidentiary proof in admissible form, like documentary evidence" (Basis Yield Alpha Fund [Master], 115 AD3d at 134 n 4), the affidavit must nevertheless "constitute a proper foundation for the admission of the records" (HSBC Bank USA, N.A. v Greene, 190 AD3d 417, 418 [1st Dept 2021]). Because Kent's director of operations did not establish that the documents annexed to his affidavit fell within the business records exception to the hearsay rule (CPLR 4518[a]), those documents were inadmissible (compare e.g. Bou v Llamoza, 173 AD3d 575, 575-576 [1st Dept 2019] with Suss v New York Media, Inc., 69 AD3d 411 [1st Dept 2010]).
Contrary to defendant's argument, plaintiffs do have a well-pled negligent hiring claim [*2]cognizable at law. Plaintiffs' allegations are sufficient to put Kent on notice of their claim that Kent negligently hired, trained, supervised, and retained the guard who, plaintiffs allege, sexually assaulted Erin, and that Kent knew or should have known of the guard's propensity to commit sexual assault. Moreover, plaintiffs can amplify these allegations in their bill of particulars (see JG v Goldfinger, 161 AD3d 640, 641 [1st Dept 2018]).
Furthermore, and contrary to Kent's contention, Kent's duty to Erin flows not from its contract with the hotel's owners and operators to provide security services but rather from its common-law obligation to "take[] reasonable care in making decisions respecting the hiring and retention of [its] employees" (Detone v Bullit Courier Serv., 140 AD2d 278, 279 [1st Dept 1988], lv denied 73 NY2d 702 [1988]). Since plaintiffs do not assert a claim against Kent for breach of its contract with the hotel's owners and operators, it is unnecessary to analyze whether Erin was a third-party beneficiary of that contract under Espinal v Melville Snow Contrs. (98 NY2d 136, 140 [2002]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 1, 2021