Doe v Enlarged City Sch. Dist. of Middletown (2021 NY Slip Op 03441)





Doe v Enlarged City Sch. Dist. of Middletown


2021 NY Slip Op 03441


Decided on June 2, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 2, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
COLLEEN D. DUFFY, JJ.


2020-08841

[*1]JAS#4 Doe, respondent, 
v
Enlarged City School District of Middletown, appellant, et al., defendants. (Orange County Index No. 3742/20)


Bond, Schoeneck & King, PLLC, Garden City, NY (Howard M. Miller, Richard Finkel, and Jacqueline Giordano of counsel), for appellant.
Abend & Silber, PLLC, New York, NY (Josh Silber and Hasapidis Law Offices [Annette G. Hasapidis] of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for negligence, the defendant Enlarged City School District of Middletown appeals from an order of the Supreme Court, Nassau County (CVA-R Part) (Steven M. Jaeger, J.), dated October 30, 2020. The order, insofar as appealed from, denied those branches of the motion of the defendant Enlarged City School District of Middletown which were pursuant to CPLR 3211(a)(7) to dismiss the causes of action alleging negligent hiring, negligent retention, and negligent supervision.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action asserting causes of alleging, inter alia, negligent hiring, negligent retention, and negligent supervision. The plaintiff alleged that when he was in elementary school, between 1979 and 1981, he was sexually abused by a chief pediatrician employed by the defendant Enlarged City School District of Middletown (hereinafter the District).
The District moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the causes of action alleging negligent hiring, negligent retention, and negligent supervision. In an order dated October 30, 2020, the Supreme Court, among other things, denied those branches of the District's motion, and the District appeals.
In considering a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), a court must afford the pleading a liberal construction, accept all facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see CPLR 3026; J.P. Morgan Sec. Inc. v Vigilant Ins. Co., 21 NY3d 324, 334; 260 Mamaroneck Ave., LLC v Guaraglia, 172 AD3d 661, 662). Causes of action alleging negligent hiring, negligent retention, or negligent supervision are not statutorily required to be pleaded with specificity (see Selechnik v Law Off. of Howard R. Birnbach, 82 AD3d 1077, 1079-1080; Kenneth R. v Roman Catholic Diocese of Brooklyn, 229 AD2d 159, 162).
Contrary to the District's contention, the Supreme Court properly found that the [*2]plaintiff sufficiently pleaded causes of action alleging negligent hiring, negligent retention, and negligent supervision (see Doe v Intercontinental Hotels Group, PLC, ___ AD3d ___, 2021 NY Slip Op 02063 [1st Dept]; Kerzhner v G4S Govt. Solutions, Inc., 138 AD3d 564, 565; Kenneth R. v Roman Catholic Diocese of Brooklyn, 229 AD2d at 164).
The parties' remaining contentions either are not properly before this Court, are without merit, or need not be reached in light of our determination.
DILLON, J.P., CHAMBERS, AUSTIN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court