| |
|---|
| **Newstone AECC, LLC v Newstone AECC US Inc.** |
| 2024 NY Slip Op 31244(U) |
| April 9, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 653133/2023 |
| Judge: Joel M. Cohen |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 03M

-------------------------------------------------------------------------------X

NEWSTONE AECC, LLC, YAAKOV NEWHOUSE,

Plaintiffs,

- v -

NEWSTONE AECC US INC., HILLEL LICHTENSTEIN,
HILLY SERVICES INC.

Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 653133/2023 |
| **MOTION DATE** | 11/14/2023 |
| **MOTION SEQ. NO.** | 003 |

**DECISION + ORDER ON MOTION**

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 003) 69, 70, 74, 75, 76 were read on this motion to                DISMISS                               .

Defendants Newstone AECC US, Inc.'s ("Newstone Inc."), Hillel Lichtenstein's

("Lichtenstein") and Hilly Services Inc.'s ("Hilly" and with Newstone Inc. and Lichtenstein

"Defendants") partial motion to dismiss Plaintiffs Newstone AECC, LLC's ("Newstone LLC")

and Yaakov Newhouse's ("Newhouse" and together "Plaintiffs") Verified Complaint

("Complaint" [NYSCEF 2]) pursuant to CPLR 3211(a)(7) is **denied.**

### A. Background

This is a dispute between former partners, and now competitors, in the 3-D laser scanning

business.  The Complaint asserts fourteen causes of action based on allegations that Defendants

stole Newstone LLC's business by creating the similarly named Newstone, Inc. and representing

(inaccurately) to third parties that it was a successor entity.

Defendants move to dismiss Plaintiffs' replevin, unjust enrichment, breach of fiduciary

duty and fraud claims on the grounds that they are either duplicative or not sufficiently pled.

**653133/2023   NEWSTONE AECC, LLC ET AL vs. NEWSTONE AECC US INC. ET AL**
**Motion No.  003**

**Page 1 of 5**

1 of 5

Plaintiffs oppose and argue that they may plead claims in the alternative and that their claims are sufficient to withstand a motion to dismiss for failure to state a claim.

## B. Discussion

### a. Legal Standard

On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the Court must afford the complaint a liberal construction, accept all facts as alleged in the complaint to be true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]).  Generally, questions of fact are not properly resolved on a motion to dismiss (*Sand Canyon Corp. v Homeward Residential, Inc.,* 105 AD3d 587, 587 [1st Dept 2013] [citations omitted]).

### b. The Complaint Adequately Alleges Causes of Action for Replevin

The Complaint's Third, Fourth, Fifth and Sixth Causes of Action are for conversion of various physical, financial, and electronic assets of Newstone LLC.  The Complaint's Seventh and Eighth Causes of Action seek replevin of the same assets.  Defendants argue that Plaintiffs' replevin claims should be dismissed as duplicative of the conversion claims.

"Two key elements of conversion are (1) plaintiff's possessory right or interest in the property and (2) defendant's dominion over the property or interference with it, in derogation of plaintiff's rights" (*Pappas v Tzolis*, 20 NY3d 228, 234 [2012] *quoting Colavito v. New York Organ Donor Network, Inc.,* 8 N.Y.3d 43, 50 [2006]).  "To state a cause of action for replevin, a plaintiff must establish a superior possessory right to property in a defendant's possession" (*Reif v Nagy*, 175 AD3d 107, 120 [1st Dept 2019], *lv dismissed* 35 NY3d 986 [2020] [awarding both conversion and replevin]).

**653133/2023   NEWSTONE AECC, LLC ET AL vs. NEWSTONE AECC US INC. ET AL**
**Motion No.  003**

**Page 2 of 5**

CPLR 3014 provides, in relevant part, that "[c]auses of action or defenses may be stated alternatively or hypothetically." Accordingly, "plaintiff may plead alternative, inconsistent theories" (*Kerzhner v G4S Govt. Sols., Inc.*, 138 AD3d 564, 565 [1st Dept 2016]). Plaintiffs' replevin claims are adequately pled as alternatives and are not subject to dismissal as duplicative of their conversion claims (*Man Advisors, Inc. v Selkoe*, 174 AD3d 435 [1st Dept 2019] [fraud and breach of contract actions could proceed where based on different allegations]). If appropriate, Defendants may reassert their arguments on summary judgment or at trial.

### c. Unjust Enrichment May be Pled in the Alternative

To state a claim of unjust enrichment, Plaintiff must allege "that (1) the defendant was enriched, (2) at plaintiff's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered" (*Georgia Malone & Co., Inc. v. Rieder*, 19 N.Y.3d 511, 516, 950 N.Y.S.2d 333, 973 N.E.2d 743 [2012]). Plaintiffs allege each of the required elements (Cplt. ¶¶146-150).

Defendants submit that Plaintiffs are asserting unjust enrichment as "an impermissible catchall" that duplicates their replevin, conversion, and fraud claims. The Court disagrees as unjust enrichment, an equitable cause of action, may be pled in the alternative to claims at law, including conversion (*New York Eye and Ear Infirmary v Bowne*, 200 AD3d 467 [1st Dept 2021]). At this juncture, the Court "cannot determine whether or not plaintiffs have an adequate remedy at law" and the unjust enrichment claim may proceed (*Rosenbach v Diversified Group, Inc.*, 12 Misc 3d 1152(A) [Sup Ct New York County 2006]).

### d. The Complaint States a Cause of Action for Breach of Fiduciary Duty

"To state a claim for breach of fiduciary duty, plaintiffs must allege that (1) defendant owed them a fiduciary duty, (2) defendant committed misconduct, and (3) they suffered damages

**653133/2023 NEWSTONE AECC, LLC ET AL vs. NEWSTONE AECC US INC. ET AL** **Page 3 of 5**
**Motion No. 003**

3 of 5

[* 3]

caused by that misconduct" (*Burry v Madison Park Owner LLC*, 84 AD3d 699, 699-700 [1st Dept 2011] [citations omitted]). Plaintiffs allege each of the required elements (Cplt. ¶¶87-91).

Defendants' argument that Plaintiffs claim is subject to dismissal based on the doctrine of unclean hands is rejected. Unclean hands is an affirmative defense which must be proven (*CIBC Mellon Tr. Co. v HSBC Guyerzeller Bank AG*, 56 AD3d 307, 308 [1st Dept 2008]). While "a court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint," there is no requirement that the Court credit, or even consider, Defendant Lichtenstein's self-serving affidavit (NYSCEF 74) at the motion to dismiss stage (*Leon v. Martinez,* 84 NY2d at 87-88).

### e. The Complaint States a Cause of Action for Fraud

"The elements of a fraud cause of action consist of 'a misrepresentation or a material omission of fact which was false and known to be false by [the] defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury'" (*Pasternack v Lab. Corp. of Am. Holdings,* 27 NY3d 817, 827 [2016] *quoting Mandarin Trading Ltd. v. Wildenstein,* 16 N.Y.3d 173, 178, 919 N.Y.S.2d 465, 944 N.E.2d 1104 [2011]). CPLR 3016(b) provides, in relevant part, "[w]here a cause of action or defense is based upon. . .fraud. . . the circumstances constituting the wrong shall be stated in detail." CPLR 3016(b) "is satisfied when the facts suffice to permit a 'reasonable inference' of the alleged misconduct" (*Epiphany Community Nursery School v Levey*, 171 AD3d 1, 9 [1st Dept 2019] [citations omitted]).

Plaintiffs allege each of the required elements (Cplt. ¶¶140-145). Specifically, Plaintiffs allege that Defendant Lichtenstein falsely represented that non-party Matterport, a software developer, would suspend its services to Newstone LLC if it was not paid $95,000. Plaintiffs

**653133/2023 NEWSTONE AECC, LLC ET AL vs. NEWSTONE AECC US INC. ET AL** **Page 4 of 5**
**Motion No. 003**

4 of 5

further allege that the money provided by Plaintiffs was improperly used instead by Lichtenstein to develop Newstone Inc. Finally, Plaintiffs allege that, as a result of the misrepresentation, Newhouse personally made the payment and has suffered damages.

To the extent Defendants dispute those facts, resolution must await summary judgment on a full evidentiary record or, if necessary, trial (*Houbigant, Inc. v Deloitte & Touche LLP*, 303 AD2d 92, 96 [1st Dept 2003]). Plaintiffs' "allegations are sufficiently detailed to fairly apprise [Defendants] of the circumstances constituting the wrong" and dismissal is not warranted for failure to comply with CPLR 3016(b) (*Merrill Lynch, Pierce, Fenner & Smith, Inc. v Wise Metals Group, LLC*, 19 AD3d 273, 275 [1st Dept 2005]).

\* \* \* \*

Accordingly, it is

**ORDERED** that Defendants' motion to dismiss is **DENIED**; it is further

**ORDERED** that Defendants file an answer within twenty-one (21) days of this order.

This constitutes the decision and order of the Court.

20240409140806JMCOHEN191AF8D28D104E31B84F2AF12C6C3784

_____
4/9/2024
**DATE**

_____
**JOEL M. COHEN, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**653133/2023   NEWSTONE AECC, LLC ET AL vs. NEWSTONE AECC US INC. ET AL**
**Motion No.  003**

Page 5 of 5

5 of 5

[* 5]