| **Matter of Bernard v City of New York** |
|:---:|
| 2025 NY Slip Op 32367(U) |
| July 7, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 157306/2024 |
| Judge: Jeanine R. Johnson |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 52M

-------------------------------------------------------------------------X

IN THE MATTER OF THE APPLICATION OF KIMBERLY
BERNARD

                                 Plaintiff,

                      - v -

THE CITY OF NEW YORK, INCLUDING ITS AGENTS
AND/OR EMPLOYEES WITH THE NEW YORK CITY
POLICE DEPARTMENT,

                                Defendant.

-------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 157306/2024 |
| **MOTION DATE** | 08/08/2024 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

HON. JEANINE R JOHNSON:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 13, 14, 15, 16, 17, 18, 19, 20

were read on this motion to/for                         LEAVE TO FILE                   .

JEANINE JOHNSON, J. :

      Upon the foregoing documents, Petitioner, Kimberly Bernard's motion, pursuant to section 50-e of the General Municipal Law (GML), is granted to the extent that her claims sounding in prima facie tort, negligence, negligent hiring, training and supervision, negligent infliction of mental distress and violations of Article 1, sections 8, 9 and 12 of the New York State Constitution and of Chapter 8, Title 8, Section 8-801 of the New York City Administrative Code are accepted.

STATEMENT OF FACTS

The Proposed Petition alleges the following:

On May 8, 2023, Petitioner was a participant in a public demonstration protesting the New York City Police Department (NYPD) for its failure to arrest and charge the individual who killed Jordan Neely in the New York City transit system. Petitioner was one of the demonstrators who

Page **1** of **6**

was assaulted and arrested by police officers. Petitioner identified as the officers Chief of Patrol John Choll, Assistant Chief James McCarthy, Deputy Commissioner Kaz Daughtry and other high-ranking NYPD members, including those assigned to the NYPD's Strategy Response Group and Community Affairs Bureau. Petitioner claims that she acted lawfully and peacefully prior to her assault and arrest.

Petitioner claims to have been labeled an agitator and part of a crowd that carried Molotov cocktails, which she denies. She was placed in NYPD custody on May 9, and spent 23 hours in custody prior to her arraignment. She was charged with section 140.10 of the Penal Law (trespass), and section 195.05 of the Penal Law (obstruction of government administration), both misdemeanors. During that period, the NYPD directed a widespread public disinformation of Petitioner's image, knowingly falsifying the charges brought against her, such as alleging she was suspected of terrorist-related charges. The disinformation included revealing her home address, where she lived with her three children. The impact of this notice had a traumatic effect on petitioner, who feared for the safety of herself and her children. On June 16, 2023, the Office of the District Attorney dismissed the two charges against Petitioner. There were no further charges raised against her in relation to the demonstration.

## PETITIONER'S MOTION

Section 50-e of the GML provides that as a condition precedent, any actions brought against the City of New York (City) must start with the filing of a Notice of Claim within 90 days after the claim arises. Section 50-e (5) provides for applications for leave to serve a late notice. Conditions considered in deciding to grant such notice include whether there was a reasonable excuse for the delay, whether City had acquired actual knowledge of the facts involving the claim

[* 2]

within 90 days after the claim arose or a reasonable time thereafter, and whether there would be substantial prejudice to City if late notice is granted.

The Proposed Petition brings the following claims against City and its police officers: prima facie tort; malicious prosecution; violation of fair trial rights; negligent training, hiring and supervision; denial of medical care; intentional infliction of mental distress; negligent infliction of mental distress; violations of the New York State Constitution (Constitution), including Article 1 (free speech), Article 9 (freedom of assembly), and Article 12 (search and seizure); and violation of Chapter 8, Title 8, Section 8-801 of the New York City Administrative Code (Code) (wrongful search and seizure) (*see* NYSCEF DOC. NO 1, p.14).

Petitioner claims to have suffered extreme physical and mental damages as a result of her arrest and detention. As a result of her harassment by respondent, she fears any further involvement in public demonstrations, despite her legal right to assemble and speak. She asserts that the main reason for her assault and arrest was due to her critical speech toward police conduct. Petitioner argues that City had actual knowledge of the claim based on photographs of her arrest by McCarthy and the District Attorney Office's dismissal of her charges after its investigation of them. She contends that City would not suffer prejudice if the Notice of Claim is granted.

## OPPOSITION AND REPLY

Respondent City opposes the motion and seeks its dismissal. City argues that the Proposed Petition is dated August 8, 2024, one year and three months after the arrest, which occurred on May 8, 2023. City contends that it would be substantially prejudiced if late notice was granted. According to City, prejudice would consist of difficulty in investigating the claims brought by Petitioner.

Page **3** of **6**

[* 3]

City argues that Petitioner failed to provide a reasonable excuse for the delay in bringing this petition. City contends that ignorance of the law is no excuse for a delay. City also argues that Petitioner did not submit sufficient evidence that City had actual knowledge of the arrest, specifically the basis for the arrest. City avers that the submission of a photograph of Petitioner's arrest, or the direct involvement of police officers in the arrest does not constitute sufficient proof of actual knowledge.

In reply, Petitioner argues that City had actual knowledge of the arrest, which was a highly publicized event, which involved high-ranking members of the NYPD, and which is likely to involve many relevant records. Petitioner also argues that the fear of possible retaliation from the NYPD after the incident was a reasonable excuse for the delay.

## DECISION

Whether to grant an application for leave to serve a late Notice of Claim against City rests within the court's sound discretion (*see Semyonova v New York City Hous. Auth.,* 15 AD3d 181 [1st Dept 2005]).

The Proposed Petition is dated August 8, 2024. It refers to an arrest that occurred on May 8, 2023, and a dismissal of criminal charges that occurred on June 16, 2023. The Proposed Petition includes claims sounding in malicious prosecution, prima facie tort, violation of fair trial rights, denial of medical care, and intentional infliction of mental distress. With the exception of prima facie tort, these are all intentional in nature and are time-barred by the one-year statute of limitations (see CPLR 215). While prima facie tort is subject to the one-year statute, when a party seeks monetary relief, it is subject to the three-year statute of limitations (*see* CPLR 214). There is no mention of a toll in the Proposed Petition and the court cannot extend the statute of

limitations. Petitioner is not entitled to relief that is made after the expiration of the applicable limitations period (*see Hock v Kline,* 304 AD2d 477 [1st Dept 2003]).

The remaining claims include negligent hiring, training and supervision, negligent infliction of mental distress, and violations of the Code and Constitution. The negligence claims are subject to the three-year statute of limitations (*see* CPLR 214; also, *Kerzhner v G45 Govt. Solutions, Inc.,*138 AD3d 564 [1st Dept 2016] [negligent hiring, training and supervision]). The violation of statute and code provisions is subject to the three-year statute of limitations (*see* CPLR 214[2]).

The first issue is whether City had actual knowledge of these claims within a reasonable time. Though the evidence submitted by Petitioner could possibly demonstrate actual notice of a malicious prosecution or false arrest, it is not sufficient to show actual notice of negligence on City's part. There is no evidence that City was aware of violating statutory law when its employees arrested and allegedly prosecuted Petitioner.

The next issue is whether there was a reasonable excuse for the delay in seeking a Notice of Claim. Petitioner submits a personal affirmation that states that she failed to serve timely notice due to the physical and mental injuries resulting from her experience with the NYPD, as well as a fear of retaliation after the dismissal of the charges. No evidence of any actual retaliation is submitted.

Despite the aforesaid deficiencies, the court finds that while the delay may have caused some difficulties to City, City would not be substantially prejudiced. The remaining claims are subject to the three-year statute of limitations, which has not yet run out. City will have sufficient time to investigate the existence of negligence and statutory violations during the discovery period. Thus, the motion for leave to serve a late Notice of Claim shall be partially granted.

[* 5]

Accordingly, it is hereby

ORDERED that Petitioner Kimberly Bernard's motion is granted to the extent that the causes of action in her Notice of Claim sounding in prima facie tort, negligence, negligent hiring, training and supervision, negligent infliction of mental distress, and violations of Article 1, sections 8, 9 and 12 of the New York State Constitution and of Chapter 8, Title 8, Section 8-801 of the New York City Administrative Code are deemed timely filed *nunc pro tunc*; and it is further

ORDERED that Petitioner shall commence an action and purchase a new index number in the event a lawsuit arising from this notice of claim is filed.

This Constitutes the Decision and Order of the Court.

7/7/25
DATE

Jeanine R. Johnson, J.S.C.

CHECK ONE:

| | | | | |
|---|---|---|---|---|
| ☐ CASE DISPOSED | | | ☒ NON-FINAL DISPOSITION | |
| ☐ GRANTED | ☐ DENIED | | ☒ GRANTED IN PART | ☐ OTHER |
| ☐ SETTLE ORDER | | | ☐ SUBMIT ORDER | |
| ☐ INCLUDES TRANSFER/REASSIGN | | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

APPLICATION:

CHECK IF APPROPRIATE:

[* 6]